5bm248
d106 848

APPEAL.                    **Vannoy** *vs* **Patton.**

APPEAL FROM THE KNOX CIRCUIT.

*Case* 60.              *Retailing spirits.   Tippling.*

*Oct.* 22.      JUDGE MARSHALL delivered the opinion of the Court.

The case stated.     PATTON sued out his warrant from a *Justice* of the Peace, against Vannoy, upon an account, consisting, with the exception of a few cents, of charges for whiskey sold by the pint and half pint, when the plaintiff had no tavern license.   These sales being deemed illegal by the Justice, judgment was rendered in favor of the plaintiff for the remainder of his account only.   But on his appeal to the Circuit Court, that Court being of opinion that the consideration was valid, rendered a judgment in favor of the plaintiff for the whole amount of his demand.   The bill of exceptions taken in the Circuit Court, states that the appellant being a grocery keeper and retailer of spirituous liquors in the town of Barboursville, sold and retailed to the appellee, whiskey by the pint and half pint, &c., without having obtained a license to keep a tavern. And as there was no evidence of his having had any other special authority for retailing spirituous liquors, the question is, whether the retailing of whiskey by the pint and half pint, is prohibited by any statute, and if so, whether the law will imply or enforce an assumpsit founded upon such illegal sales.

It was not expressly stated in the bill of exceptions, but is as we think, clearly to be implied, that the whiskey was retailed in the house of the plaintiff, who sold it as a grocery keeper and retailer of spirituous liquors. And this fact will be assumed in the consideration of the question stated.   The fourth section of the act of 1793, (*Statute Laws,* 1499,) denounces a penalty of three pounds for every offence, against any person who shall retail any wine, brandy, whiskey, rum, or any other spirituous liquors, directly or indirectly, in any house, boothe, arbor, stall, boat, or in any other place whatever, with-

out a license first obtained as aforesaid; that is, a license to keep a tavern. A proviso to the sixth section of the same act, provides, that the act shall not be construed to prevent merchants from retailing liquors in their store, provided it is not sold to be drunk in their store or house, or that such merchant shall not sell, or receive pay for any smaller quantity than a quart, to any one person. As a grocer, the plaintiff may be entitled to the privilege secured to merchants by this proviso, that is, if he is a general grocer, and not a mere retailer of liquors. But the proviso itself does not authorize a merchant to sell or receive pay for less than a quart, and the joint effect of the third section and the proviso, is to subject him for every such sale, not only to the penalty of three pounds, but to the loss of the price of the liquor thus sold. And it would, in our opinion, be an unwarranted perversion of the statute, to say that by a repetition of the offence until the amount of sales should equal a quart, the offender has either purged himself from the guilt of having violated the law, or entitled himself to recover for the whole, when he could not have recovered for any of the transactions which go to make up the whole.

If the plaintiff does not, under the character of a merchant, come within the operation of the proviso, there is, it is true, no express enactment that he shall not receive pay for less than a quart sold to any one person; but he stands under the denunciation of the third section for every sale by retail, as sales by the pint and half pint certainly were, and as the denunciation of the penalty is, in effect, a prohibition of the act of selling, which is moreover expressly denominated an offence, every such sale was illegal, and therefore incapable, either separately or in the aggregate, of supporting a contract or promise enforcible at law. The illegality of the consideration has always been a sufficient ground to defeat a recovery upon the contract. *Ex terpi causa non oritur actio*, is a maxim of universal and peremptory operation, and as the illegality of the consideration in this case is beyond question, the application of the rule to the plaintiff's action is certain, and its effect conclusive. It would be strange indeed, if the law would furnish its aid to enforce a contract, the

No recovery can be had for spirituous liquor sold in violation of law.—*Ex terpi causa non oritur actio.*

object and effect of which is to violate its own prohibitions, enacted with a view to the preservation of the order, the peace, and the morals of society. The enforcement of such a contract, would prostrate the object and end of the law, by encouraging and sustaining those acts which it prohibits—would violate its spirit and letter, by giving legal efficacy to acts which it makes illegal. It implies, therefore, a power of disregarding or dispensing with the law, which cannot be exercised by a tribunal *acting under the law, and whose sole power is to expound and give it effect.*

Wherefore, the judgment is reversed, and the cause remanded for a new trial on principles conformable with this opinion.

*Ballinger* for plaintiff: *Harlan & Craddock* for def't.