# DECISIONS

OF THE

# COURT OF APPEALS

## OF KENTUCKY.

**FALL TERM....1845.**

## Boyle, &c, *vs* Commonwealth.

ERROR TO THE JEFFERSON COUNTY COURT.

*Parties. Paymasters. Sheriff. Collectors.*

JUDGE BRECK delivered the opinion of the Court.

THIS was a proceeding by motion, before the County Court of Jefferson county, in the name of the Commonwealth, by Henry Wolford, as a Regimental Paymaster, against Thomas Boyle, as Regimental Collector, and his security. The Court rendered judgment against the Collector and his security, for $2,000, the penalty of the Collector's bond, to be discharged by the payment of $131 41 ; to reverse which, the defendants have brought the case to this Court.

The judgment is clearly erroneous and must be reversed, and for the following reasons:

1st. There is no proof that Wolford was Paymaster.

2ndly. The motion should have been made in the name of the Paymaster and not of the Commonwealth. The 93d section of the act of 1837, to amend the militia law, (3 *Stat. Law*, 418,) provides that the Collector shall be responsible for money collected by him, "in the same manner as provided for in the case of Sheriffs."

*Motions against regimental collectors for failing to pay over moneys collected, should be in the name of the regimental paymaster.*

MOTION.

*Case* 1.

*Sept.* 6.

The case stated.

The 31st section of the same act makes it the duty of the Paymaster, in case the Sheriff shall fail or refuse to settle and pay over to him, to proceed by motion, in the County Court, in the same manner that moneys are recovered by the counties against their public collectors, to collect and recover the money due from the Sheriff and his deputies, or either of them.

The proceeding by counties against defaulting Sheriffs and Collectors, was by the Justices of the County Court upon motion, and judgment was entered in the name of the Justices against the Sheriff, Collector, *or* sureties, for the amount for which the Sheriff or Collector was in arrear. But the law authorized no judgment upon the proceeding by motion against the Sheriff *and* his sureties, or the Collector and his sureties, jointly: see *Wood* vs *Sayre*, (7 *Monroe*, 663,) and statutes there referred to.

3rdly. Therefore, the judgment is erroneous because it is against the Collector and his surety jointly. In the case of *Wood* vs *Sayre*, the Paymaster proceeded against the Sheriff and his sureties jointly, and upon that ground the judgment was reversed. The law as applicable to Sheriffs and their sureties is also applicable to the Collector and his sureties.

The motion allowed by law against a regimental collector in behalf of the regimental paymaster must be against the collector *or* his sureties, not against both.

4thly. The judgment is for the entire amount proved to have been collected and not paid over by the Collector. His commission should have been allowed him and deducted. See *Stith* vs *Lansdale*, (2 *J. J. Marshall*, 152,) and other cases.

In entering such judgments against Sheriffs or regimental collectors, credit should be given for the legal commissions for collecting.

Wherefore, the judgment is reversed and the cause remanded with directions to dismiss the motion with costs, but without prejudice.

*Greene* for plaintiff: *Clark* for defendant.