Chief Justice Marshall
delivered the opinion of the Court.
The award on which this judgment was founded appears to have been made about five years after the causes were referred by order of Court, and not to have been returned until about six years after it was made out, and about three years after both cases had been dismissed by an order of the Court. It appears too, upon the face of the award as compared with the order of reference that the referees exceeded their powers and went beyond the submission, by awarding in the suit of Cole vs J. Hay, that J. and W. Hay pay to Cole a large sum of money, when it does not appear that any demand against them was asserted or in controversy in that suit. And as Cole was the plaintiff in that suit, and J. Hay the only defendant, the award of the arbitrators against J. and W. Hay, could not as suggested, have been founded upon a set off claimed by the defendant, even if the arbitrators possessed the power to award a sum of money against the plaintiff not claimed by plea or notice of set off when the suit was referred.
*71 But independently of this objection to the award upon its face, we are of opinion that by the dismissal of the two suits before it was returned, the cases and the parties were out of Court, that the efficacy of the order of reference and the power of the referees were at an end, and that their award if it retained any obligatory force as such by virtue of which it might be enforced, could not be acted on as a part of the original suits. Even if the original suits had been still pending when the award was returned, the great lapse of time which had intervened since the order of reference, would seem to have required that before acting upon it, the Court should have been satisfied that the party against whom the judgment was sought, if not personally present in Court, had had actual and recent notice of the intended movement, and this should have appeared on the record. But here the cases having been dismissed and the parties with them, the award though purporting to have been made in cases in Court and upon an order of reference, could have been made the judgment of the Court only by such new proceedings as would have authorized a judgment upon an award made under a mere agreement in pais in a oase which had never been in Court before. And in fact there never had been such a case in Court as that in which J. and W. Hay are awarded to pay a sum of money to Cole.
Under such circumstances we are of opinion, that if the award was enforcible at all, it must have been by original suit for that purpose, or by agreement of all the parties that it should without other proceedings be made the judgment of the Court. A judgment thus rendered would in effect be a judgment on confession without a previous suit, and could only be authorized by the actual consent of the parties themselves, and and whether the agreement of attorneys specifically authorized to consent for them would suffice, may be doubted, under the act of 1797, (Stat. Law, 412,) which avoids powers of attorney for confessing judgment before action brought.
Altornies at law cannot confess judgments for their clients before suit brought (Stat. Law, 412)
The entry of the return of the award into Court seems to have been headed by the name or style of two actions in assumpsit; one in the name of J. and W. Play vs Cole, which was the style of one of the previous suits, the other in the name of Cole vs J. and W. Play, which was a new style differing from each of the former suits. At the next term under the same style of the two cases, the record shows the following entry :
“This day came the parties aforesaid, by their attorneys, and on their motion, it is ordered that the award filed herein at the last term of this Court be now recorded, which is as follows, &c.”
The first of these entries did not make a suit or suits in Court nor bring in parties. And when the subsequent entry was made, there were still no parties as suitors in Court unless they then appeared. And there being no suit in Court between the persons named, there could be no attorneys authorized to act for them by virtue of an employment as attorneys at law to manage a suit in Court. The entry does not prove nor even state the appearance of the parties in person. But they came by their attorneys, and on their motion, that is on motion of the attorneys or of the parties by their attorneys, it was ordered, &c. If it could even be assumed that persons acting as attorneys on both sides, made the motion which is hardly probable, and that the award was ordered to record by their consent, still there is not only no consent that a judgment shall be rendered on the award, but if that is to be implied it cannot be assumed that there was any authority to bind the parties by such consent.
The record in its strongest aspect presents substantially the same case as if the first and only entry were: A. B. vs C. D. in assumpsit. This day came the parties by their attorneys and on their motion it is ordered that the following note or award be filed and recorded, and that a judgment be rendered thereon against said C. D. Therefore it is considered by the Court, &c.
Kinhead for plaintiffs.; BeM for defendant.
Which would most clearly be an erroneous and invalid judgment.
Wherefore, without deciding upon other objections, we are .of .opinion that there is no sufficient foundation in the record for rendering á judgment on the alleged award. And therefore the judgment is reversed and the cause is remanded.