## Hickox and Read Publishing Company v. Dawes Manufacturing Co.

1. ADMISSIONS—*Corporate Character.*—Where a party litigant deals with his adversary as a corporation, he admits its corporate character.

2. OBJECTIONS—*To be Made in Apt Time.*—After a cause has been placed upon the short cause calendar and continued on motion of one of the parties, objections to depositions on the ground that the evidence is secondary, came too late.

**Assumpsit,** for goods sold. Appeal from the Circuit Court of Cook County; the Hon EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

E. A. SHERBURNE, attorney for appellant.

PADEN & GRIDLEY, and CARLOS S. ANDREWS, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This record indicates, without expressly stating, that the appellant is a Chicago, and the appellee a Pittsburgh house.

The cause was on the "short cause calendar," May 27, 1895, and was then, on motion of the appellant, continued one week. Two days afterward the appellant moved to suppress depositions on file. Some portions were suppressed, and the residue constituted the whole evidence in the cause.

The appellant now says that the "principal vice of the evidence" in the depositions is that it is secondary, without accounting for the primary; "and also mere assertions and legal conclusions of the witness." This last phrase we understand to be pointed at the statement by a witness that the appellee was "a corporation organized and existing under the laws of the State of Pennsylvania."

As the appellant dealt with the appellee as a corporation, the corporate character was, at least, admitted. Ramsie v. Peoria, M. & F. Ins. Co., 55 Ill. 311; Lombard v. Chicago Sinai Congregation, 64 Ill. 467.

Objection that the evidence was secondary was too late, when the case had been called for trial and postponed at the instance of the appellant. Cooke v. Orne, 37 Ill. 186; Kassing v. Mortimer, 80 Ill. 602.

W. C. Hickox seems to have been president and treasurer of the appellant, and in one letter to the appellee about the business to which the suit relates, in reply to one to the appellant from the appellee, the signature was W. C. Hickox & Co. This was manifestly a mere blunder.

The supposed defense of payment rests upon an ambiguous letter from a third person. The appellant seems to be at home here, and had it had any merits, could no doubt have proved them, but rested upon the ingenuity of its counsel. The judgment is affirmed.