CASE 105—ACTION ON NOTE—JUNE 13.

# Johnson v. Mason Lodge No. 33, I. O. O. F.

APPEAL FROM MASON CIRCUIT COURT.

1. CORPORATIONS—ORGANIZED FOR CHARITABLE PURPOSES.—Section 883 of the Kentucky Statutes which excepts corporations organized for charitable purposes from the general provisions applicable to corporations is not limited to corporations organized under the act of which that section is a portion, but is applicable alike

Johnson v. Mason Lodge No. 33, I. O. O. F.

to all corporations of such character, whether they were organized previously to the passage of the law or subsequently thereto.

2. SAME—ESTOPPEL BY DEALING WITH A CORPORATION.—A person who borrows money from a corporation and executes his note therefor is estopped to deny the legality of the transaction when sued on the note.

E. L. WORTHINGTON FOR THE APPELLANT.

1. Section 571, Kentucky Statutes, makes it illegal for a corporation to transact any business without complying with its requirements, and no recovery can be had on a contract which it was unlawful for it to make. Vanmeter v. Spurrier, 94 Ky., 22; Vannoy v. Patton, 5 B. Mon., 248; Franklin Ins. Co. v. Louisville, &c., Packet Co., 9 Bush, 590; Farrior v. New England Mortgage Co., 88 Ala., 275; Cary Lombard Co. v. Thomas, 92 Tenn., 587; Stevenson v. Ewing, 87 Tenn., 46; Cincinnati Mutual Health Assurance Co. v. Rosenthal, 55 Ill., 85; Thorne v. Travelers Ins. Co., 80 Penn. St., 15; Dudley v. Collier, 13 Am. St. Rep., 55; Cooper Mfg. Co. v. Ferguson, 113 U. S., 727; Edison Gen. Electric Co. v. Canadian Pac. Co., 24 L. R. A., 315, and notes; Benjamin on Sales, sec. 538; Clark on Contracts, 385; Pollock on Contracts, 262.

2. The rules applicable to *ultra vires* contracts do not apply to illegal contracts. The words "ultra vires" and "illegality" represent totally different and distinct ideas. 27 Am. & Eng. Ency. of Law, pp. 352, 378; Bissell v. Michigan Southern R. Co., 22 N. Y., 258; Whitney Arms Co. v. Barlow, 20 Am. Rep., 504; Franklin Nat. Bank v. Whitehead, 63 Am. St. Rep., 302; Central Transp. Co. v. Pullman Co., 139 U. S., 24; California Bank v. Kennedy, 167 U. S., 362.

L. W. ROBERTSON ON THE SAME SIDE.

1. The appellee is a corporation embraced in and affected by the requirements of the statutes. (Secs. 571 and 883.)

2. The statute was intended to establish and maintain an object of public policy.

3. The penalty imposed by the statute is a recurring penalty repeated as often as any dealings or business is done by a corporation before it has complied with the requirements thereof, and the performance of said requirements is a condition precedent to a corporation's power and authority to do any business.

4. The intention of the statute is to prevent the doing of any and all business, to prohibit dealings and contracts, and to render such illegal and void and therefore not enforcible, unless the requirements of the statute have been performed.

Citations: Ky. Stats., secs. 571, 883; Franklin Ins. Co. v. Louisville, &c., Packet Co., 9 Bush, 590; Vanmeter v. Spurrier, 94 Ky., 22; Benjamin on Sales, vol. 2, p. 712; Farrior v. New England Mortgage Sec. Co., 88 Ala., 275; s. c. 7 Sou. Rep., 200.

L. W. GALBRAITH FOR THE APPELLEE.

1. To forfeit contract in this case would be an additional punishment; but section 571, Kentucky Statutes, does not apply to charitable corporations such as appellee. Fritts v. Palmer, 132 U. S., 289; Ky. Con., sec. 194; Ky. Stats., secs. 571, 883, 882.

2. When the language of a statute leads to hardships or injustice presumably not intended by the Legislature, a construction will be put upon it which modifies the meaning of the words. Endlich on Int. of Stats., sec. 295.

3. Appellant, to make good his defense, must, by the statements of his answer, bring appellee clearly within the statute. Murfree on Foreign Corporations, sec. 98.

4. Even though section 571, Kentucky Statutes, applies to appellee, the contract is not void.

5. The business done by a corporation in violation of the Kentucky Statute is not unlawful, but the corporation is subjected to a fine for doing it. Lindsey v. Rutherford, 17 B. M., 245.

6. The cases of Vanmeter v. Spurrier, 94 Ky., 22; Vannoy v. Patton, 5 B. Mon., 248, and Franklin Ins. Co. v. L. & C. Packet Co., 9 Bush, 590, relied on by appellant as showing that a penalty implies a prohibition, each turns on the business itself being immoral or against public policy. Washburn Mill Co. v. Bartlett (N. D.), 54 N. W. R., 544.

7. If the Legislature had intended to make contracts of corporations doing business in violation of the statute void, it would have said so. Bank v. Matthews, 98 U. S., 628.

8. The penalties fixed by the Kentucky Statutes, and similar ones, are exclusive of any other, and contracts made in contravention of these statutes are valid; and this is to be inferred from the fact of the penalty, which indicates that the Legislature depended on it as the remedy. Toledo Tie & Lumber.Co. v. Thomas, 32 W. Va., 566; Morawetz on Private Corporations, vol. 2, sec. 665; Thompson's Com. on Private Corps., vol. 6, sec. 7958; Fritts v. Palmer, 132 U. S., 282; Garratt Ford Co. v. Vermont Mfg. Co. (R. I. ), 37 Atl. Rep., 948; McBroom v. Scottish Investment Co., 153 U. S., 318; Jarvis-Conklin Mortgage Trust Co. v. Wilhoit, 84 Fed. Rep., 514; Chattanooga R. & C. R. Co. v. Evans, 66 Fed. Rep., 809; La France, &c., Co. v. Mt. Vernon, 9 Wash., 142; Rockford Ins. Co. v. Rogers, 47 P., 848; Fairbanks, Morse & Co. v. Macleod, 45 P., 282; Kindel v. Beck & Pauldi Lithographing Co., 35 P.,

Johnson v. Mason Lodge No. 33, I. O. O. F.

538; Dearborn Foundry Co. v. Augustine (Wash.), 31 P., 327; Helvetia Swiss Fire Ins. Co. v. Edward P. Allis, 53 P., 242; Edison Elec. L. Co. v. Canadian P. N. Co., 40 Am. St. Rep., 910; Union, &c., Ins. Co. v. McMillen, 24 O. St., 67; Pennypacker v. Capital Ins. Co., 80 Iowa, 56.

9. If by failure to comply with the statutes appellee is incompetent to contract, the contract is only voidable and can not be attacked collaterally. Bank v. Whitney, 103 U. S., 101; Foster v. Betcher Lumber Co., 5 S. D., 57; Wright v. Lee, 2 S. D., 596; 4 S. D., 237.

10. Any one dealing with a corporation and contracting with it as such is estopped to deny its existence. Ky. Stats., sec. 566; Jones v. The Bank of Tenn., 8 B. M., 123; Bank of Galliopolis v. Trimble, 6 B. M., 601; Henderson & Nashville R. R. Co. v. Leavell, 16 B. M., 363; Lail v. Mt. Sterling Coal Road Co., 13 Bush, 32; Thompson's Com. on Private Corps., secs. 518, 7647, 5274.

11. Where a party has received and retains benefits as a loan of money from a corporation on contract, he can not, in an action against him on the contract, plead a want of power on the part of the corporation either on account of the contract's being *ultra vires* or failure to comply with the statutory requirement prerequisite to the exercise of corporate functions, or illegality of the contract. Manchester & L. R. R. v. Concord R. R. Co., 20 Atl., 383; Thompson's Com. on Private Corps., secs. 6015, 6021; Cook on Corps., sec. 690; Herman on Estoppel and *Res Adjudicata*, sec. 1254; Bigelow on Estoppel, 464; Wright v. Lee, 2 S. D., 956; Sherwood v. Alvis, 83 Ala., 115; Rockford Ins. Co. v. Rogers, 47 P., 848; Ray v. Home & Foreign Agency Co., 26 S. E. R., 56; Rathbone, Sard & Co. v. Frost, 37 P., 298 (Wash.); Continental Tr. Co. v. Toledo, St. L. and K. C. R. Co., 82 Fed. Rep., 642; Continental Ins. Co. v. Richardson, 72 N. W. R., 458; Stout, &c., v. Zulich, 7 Atl., 362; Erb v. Yoerg, 67 N. W. R., 355; Snider Sons Co. v. Troy, 91 Atl. Rep., 224; Andes v. Ely, 158 U. S., 312; 7 Am. & Eng. Ency. of Law, 668 (2d ed.); Thompson's Com. on Private Corps., sec. 6040; Beach on Modern Law Contracts, sec. 1451 and note; Morawetz on Private Corps., sec. 721; Central Tr. Co., of N. Y. v. Ohio Cent. R. R. Co., 23 Fed. Rep., 306; Western U. Tel. Co. v. Union Pac. Ry. Co., 3 Fed. Rep., 423; Greene v. Southworth, 2 Ky. Law Rep., 233.

12. The courts which refuse to apply the doctrine of estoppel to a case like this are either hampered by statutory restrictions or are holding to the harsh doctrine of the earlier cases. Thompson on Private Corps., sec. 5712.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellee alleges that it is duly incorporated under the laws of this Commonwealth, with power to contract and be contracted with; that the appellant, Johnson, borrowed from them the sum of $750, for which he on the same day executed and delivered to them his promissory note, by which he agreed to pay them the sum loaned, with interest, on demand; that he paid thereon $52.50 August 17, 1897, and that demand had been made for the balance of the debt, and payment refused.

Appellant, in his answer, admits the execution of the note sued on, and that it was for borrowed money, but seeks to evade the payment thereof on two grounds: First, he denies the corporate existence of appellee; and, second, he states that at the time the note sued on was executed, and for several years prior thereto, appellee had been engaged in the business of lending money and trafficking in property for profit in this State; that its residence is and had been in Mason county; and that at the time of the execution of the note sued on and of the commencement of this suit appellee had not filed with the Secretary of State a statement giving the location of its office, and the name of its agents upon whom process could be served, as required by section 194 of the Constitution and section 571 of the Kentucky Statutes, and for this reason the obligation sued on was illegal and unenforceable.

A general demurrer was sustained to this answer, and, appellant declining to amend, judgment was rendered in favor of appellee for the amount sued for, from which this appeal is prosecuted.

Section 194 of the Constitution reads as follows:

"All corporations formed under the laws of this State,

or carrying on business in this State, shall, at all times, have one or more known places of business in this State, and an authorized agent or agents there, upon whom process may be executed, and the General Assembly shall enact laws to carry into effect the provisions of this section."

And the section of the statute relied on provides that:

"All corporations except foreign insurance companies formed under the laws of this . . . State, and carrying on any business in this State, shall at all times have one or more known places of business in this State, and an authorized agent or agents thereat, upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this State, until it shall have filed in the office of the Secretary of State, a statement, signed by its president or secretary, giving the location of its office or offices in this State, and the name or names of its agent or agents thereat upon whom process can be served; . . . and if any corporation fails to comply with the requirements of this section, such corporation, and any agent or employe of such corporation, who shall transact, carry on or conduct any business in this State, for it, shall be severally guilty of a misdemeanor, and fined not less than one hundred nor more than one thousand dollars for each offense." It is claimed by appellee that as it is a purely charitable institution, without capital stock, or organized for pecuniary profit, it is not subject to any of the laws relating to corporations organized for the purpose of gain, and rely to support this claim upon section 883 of the Kentucky Statutes, which reads as follows:

"Corporations, associations or societies organized under this act shall not be subject to any of

the laws relating to corporations having a capital stock or organized for pecuniary profit, except that requiring an agent on whom process may be executed."

It is evident that the Legislature has made a marked difference in its requirements of charitable, educational and religious corporations and those organized for private gain and having a fixed capital stock, and intended to exempt them from all the laws relating to corporations of the latter class, except that requiring an agent upon whom process may be executed. Whilst the language of section 883 limits its exemptions to corporations organized under that act, we think it was intended to apply to all corporations of this character, whether they were organized previous to the passage of that law or subsequently thereto; and this opinion is confirmed by the provisions of section 882, which immediately precedes the one in question. But it seems to us that, giving a fair and reasonable construction to section 194 of the Constitution, and the two provisions of the statute referred to, it was not intended to exempt any corporation organized under the laws of this State from the duty of filing in the office of the Secretary of State a statement, signed by its president or secretary, giving the location of its office, and the name of its agent thereat upon whom process could be served. If we are wrong in this construction of the statute, it seems to us that there can be no doubt that the demurrer was properly sustained on the grounds that appellant having contracted with appellee, and received from it $750, which he retains, is in an action on the note executed for that money, estopped to deny the existence of appellee as a corporation, or its power to contract for failure to comply with the statute.

Section 566 of the Kentucky Statutes provides that:

"No corporation organized under this chapter shall be permitted to set up or rely upon the want of legal organization as a defense to any action against it, nor shall any person, transacting business with such corporation, or sued for injury done to its property be permitted to rely upon such want of legal organization as a defense."

And this provision of the statute only announces the common-law principle which has been repeatedly recognized by former adjudications of this court.

In the case of Henderson & Nash. Railroad Co. v. Leavell, 16 B. Mon., 363, the court said: "In general, where a defendant deals with a corporation, and recognizes its existence, he is not permitted to raise the question whether it has been legally organized or not."

In the case of Wright v. Shelby Railroad Co., 16 B. Mon., 4 [63 Am. Dec., 522], the court said:

"Whether an incorporated company has been regularly organized, so as to give it power to act, can not be inquired into in a collateral, but must be asserted in a direct proceeding against the incorporation."

The same doctrine was announced in 5 Litt., 635. And it has been repeatedly held by this court that by executing a note payable to a corporation the payor is estopped to deny its existence or authority to do business at that time. See 1 J. J. Marsh, 380; 6 B. Mon., 601; 8 B. Mon., 123, [46 Am. Dec., 540].

Under these cases we think the appellant is clearly estopped from denying the corporate existance of appellee, or of pleading any disability to contract existing at the time the note was given; and they are in harmony with the decisions of other courts and the doctrine of the leading text writers. See Andes v. Ely, 158 U. S., 312, [15 Sup. Ct., 267;] Close v. Glenwood Ceme-

tery, 107 U. S., 466, [2 Sup. Ct., 267]; Andrews v. Pipe Works, 23 C. C. A., 454, [77 Fed., 774]; Sniders' Sons' Co. v. Troy, 91 Ala., 224, [24 Am. St. R., 887, 8 South, 658], citing 4 Am. & Eng. Enc. Law, (1st Ed.), 198; Shasta Bank v. Boyd, 99 Cal., 604, [34 Pac., 337]; Plummer v. Struby-Esterbrook Mercantile Co., 23 Colo., 190, [47 Pac., 294]; Hickox & Read Pub. Co. v. Dawes Mfg. Co., 64 Ill. App., 630; Hause v. Mannheimer (Minn., 1897), [69 N. W., 810]; Bradley v. Reppell, 133 Mo., 545, [54 Am. St. R., 685, 32 S. W., 645, and 34 S. W., 841], citing 4 Am. & Eng. Enc. Law, (1st Ed.), 198.

Mr. Cook, in his work on Corporations, says:

"A person who borrows money from a corporation can not defeat an action for the money by alleging that the corporation had no power to make the loan. He must pay back the money."

Bigelow on Estoppel, section 464, says:

"In ordinary cases it is not allowed an individual to escape his obligation by showing the incapacity of the other party to the contract to act as he had assumed to act. We have elsewhere seen that this is a broad rule of law, and it is quite as true of persons liable in a contract to corporations as in other cases."

Thompson's Commentaries on Private Corporations, section 5274, says:

"The modern doctrine is coming to this: That one who enters into a contract with a corporation is, when sued by the corporation upon such contract, estopped to deny that the corporation had power to make the contract. The obvious reason of the rule is that a person ought not to be

allowed to oppose such a dishonest defense to a bargain which is fair so far as he is concerned. The rule of public policy, which aims to keep corporations within the limits of their chartered powers, yields to the justice of the particular case, and the wrong which the corporation has done to the public by transcending its powers is left to be redressed in a public prosecution against the corporation. Hence, if a national bank lends money on the security of a mortgage or of a non-negotiable note, the obligor in the contract, when proceeded against to enforce it, can not escape the payment of the debt which he has thus contracted by pleading that the bank had no power to make the contract." And in section 6021, the same author says:

"Where the corporation is plaintiff in the action, and is seeking to enforce a contract into which it had no power to enter, if the defendant has received the benefit of the contract he will not be allowed to defend on the ground that it was *ultra vires*, until he restores the benefits which he received. The simplest illustration of this is where a corporation has exceeded its power in lending its money on a promissory note, but nevertheless seeks to get its money back by bringing an action on the note. Here the maker of the note will not be heard to defend on the ground that the corporation had no power to lend him the money."

And in section 5712, the same author said:

"Those decisions which upheld the rascally borrower in keeping the money which he had borrowed from the corporation, on the ground that the corporation had no power to lend it,—the very reason why he ought to be compelled to restore it,— form strange blots upon the pages of American jurisprudence. If a collection of individuals, having no corporate powers at all, lend their money, and take a promissory

note as evidence of the debt, in which they describe them-
selves as a corporation, then, when they sue the borrower
upon the note, he is estopped, under theories prevailing in
all American jurisdictions, from setting up the defense
that they are not a corporation. Yet, according to these
decisions, while he can not plead that they are not a
corporation he can plead that they do not possess
the power to lend their money, and he can plead this as a
justification for his keeping it."

But it is insisted for appellant that this doc-
trine has no application to the questions involved
here, for the reason that the contract sued on
is not simply *ultra vires*, but is actually forbid-
den by the statute, and is contrary to public policy;
that the cases of Vanmeter v. Spurrier, 94 Ky., 22, [21 S.
W., 337], and Vannoy v. Patton, 5 B. Mon., 248, support
this doctrine.

In the case of Vanmeter v. Spurrier the stat-
ute under consideration was one to protect the public
against worthless fertilizers, and the case of Vannoy v.
Patton from the sale of liquor without license; and the
case of Franklin Ins. Co. v. Lou. & Ark. Packet Co.,
is, we think, in line with these; the vice was in the
contract itself, and they are therefore distinguished in
this respect from this case, which only involves the idea of
disability to sue; and it appears to us that the defenses
relied on in this case are inconsistent, and neither of them
tenable.

For reasons indicated, the judgment is affirmed.