CASE 86—ACTION TO ENFORCE MORTGAGE LIEN—JANUARY 16.

# Aultman & Taylor Co. v. Mead, &c.

APPEAL FROM LETCHER CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

FOREIGN CORPORATIONS—FAILURE TO FILE STATEMENT WITH SECRETARY
OF STATE—SPECIAL DEMURRER—PLEADING CONCLUSIONS OF LAW—
SALES—FAILURE OF CONSIDERATION—RECOVERY OF PAYMENTS MADE
—RESCISSION—POWER OF ATTORNEY TO CONFESS JUDGMENT—CON-
SENT TO SALE UNDER VOID JUDGMENT.

Held:    1. The fact that a foreign corporation suing for the price of
goods sold had not complied with Kentucky Statutes, section
571, requiring it to file statement with the Secretary of State,
designating its place of business and the name of an agent on
whom process might be executed, is not ground of special de-
murrer, though the fact appears by affidavit.

2. A paragraph of an answer denying that defendants are indebted
to plaintiff on the note sued on pleads a mere conclusion of law,
and is not good.

3. The fact that a saw mill for the price of which plaintiff sued had
been wrongfully taken from defendants after they had used it·
for three years, does not support a plea of failure of considera-
tion, there being no complaint of the original transaction.

4. Defendants can not recover money voluntarily paid on the price,
there being no claim that it was paid by mistake of law or fact,
or that any fraud was practiced to induce the payment, and
there being no prayer for a rescission.

5. Defendants, after using the saw mill three years, can not have a
rescission, as they can not place plaintiff in *statu quo.*

6. Under Kentucky Statutes, section 416, declaring that a power of
attorney to confess judgment shall be void, an answer signed
and sworn to before suit was filed, consenting to judgment en-
forcing a mortgage lien, gave the court no jurisdiction of de-
fendant's person, and a judgment rendered pursuant thereto
was void.

7. In an action to recover the price of a saw mill sold to defendants,
they may plead by way of set-off and counterclaim the damages
suffered by the seizure and sale of the mill under a void judg-
ment in plaintiff's favor, provided they did not consent to the
sale.

KENNEDY & WILLIAMSON, AND TYREE & ADAMS, FOR APPELLANT.

S. B. DISHMAN AND S. E. BAKER, FOR APPELLEES.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE BURNAM.

In October, 1883, appellant sold and delivered to appellees a sawmill and appurtenances at the price of $1,900. A part of the purchase money was paid in cash, and for the balance three notes were executed, aggregating $1,595. To secure the payment thereof, appellees executed their mortgage on the sawmill and appurtenances, and upon six tracts of land lying in Letcher county, aggregating 900 acres. They failed to pay these notes at maturity, with the exception of a few hundred dollars, and in the summer of 1885 they were delivered to an attorney in Floyd county for collection. He wrote to the appellees, who resided in Letcher county, asking that they be paid. In response to this communication, first Mr. Albert Mead, and subsequently Mr. James M. Mead, went to see him, and it was agreed that suit should be instituted thereon at the ensuing October term of the Floyd Circuit Court. And, in consideration that no steps should be taken to enforce the judgment until after January 1, 1886, James M. Mead authorized the attorney to prepare and file an answer of appellees to the suit which was thereafter to be begun, consenting to a judgment enforcing the mortgage lien, and waiving all questions of jurisdiction which might arise as to the power of the Floyd Circuit Court to render the judgment. This answer was sworn to on the 10th day of September, 1885. Subsequently the proposed suit was filed, and also the answer which had been previously sworn to by James M. Mead, and thereupon judgment was entered directing the master commissioner to sell

the sawmill pursuant to the terms of the judgment; and
in February, 1886, the sawmill, engine, etc., were sold by
the commissioner on the premises of appellees in Letcher
county, Ky., at the price of $700, to one Fitzpatrick.  Ap-
pellees were both present at the sale, and, according to
the overwhelming weight of testimony in the record, made
no objection to the sale.  After the sale they assisted the
purchaser in taking down the mill and removing it from the
premises, going a part of the way home with the pur-
chaser.  This sale was confirmed by the court, and the
proceeds credited upon appellant's judgment.  No further
steps seem to have been taken by either of the parties
until the institution of this suit, in 1897, in which appel-
lant sought to recover of appellees the balance due it on
the notes, and to enforce its mortgage upon the real es-
tate in Letcher county.  Appellees filed a general and spec-
ial demurrer to the petition.  The special demurrer was
based upon an affidavit that appellant was a foreign cor-
poration, and had failed to file with the Secretary of State
a statement designating its place of business and the name
of its agent upon whom process might be executed.  The
demurrers were overruled.  They thereupon filed an an-
swer in three paragraphs.  In the first paragraph they
denied that they were indebted to appellant in any sum
on the notes sued on.  They did not deny the execution
of the notes, or set up any facts in bar of appellant's
right to recover.  In the second paragraph they allege
that plaintiff had, 1886, forcibly, and against their will and
consent, taken possession of the sawmill for which the
notes were executed, and converted it to its own use, and
that by reason of such conversion the consideration for
which the notes were executed had failed.  In the third
paragraph they make their answer a counterclaim, and

ask judgment against appellant for the various sums of money which they had paid on the notes, aggregating the sum of $727.62, with interest thereon from the date of the payment of the several items thereof. To this answer, and each paragraph thereof, appellant demurred, which was overruled. It thereupon filed an answer, in which it denies the alleged forcible seizure and conversion of the sawmill, or that the consideration for which the notes were executed had failed. Subsequently it offered to file an amended reply, in which it recited all of the facts in connection with the suit instituted by it in Floyd county in October, 1885, and the sale of the sawmill pursuant to a judgment entered therein. The court refused to allow this amended reply to be filed, and subsequently it tendered and offered to file a second amended reply, in which it alleged that the sawmill was sold in February, 1886, by agreement and consent of appellees; that it sold for $700, its full value, which had been credited upon the debts of appellees; pleaded an estoppel, and also relied upon the lapse of time and the statute of limitations in bar of recovery by appellees of the various sums of money paid by them for the sawmill. The court refused to allow this amended reply to be filed, and the case was transferred to the ordinary docket, and a jury impaneled to determine the question whether the plaintiff had forcibly and unlawfully taken possession of the sawmill, under divers instructions from the court. On this trial the jury found that the mill had been wrongfully and forcibly taken from defendants. Thereupon the appellant moved for a judgment *non obstante veredicto*, under section 386 of the Code, which was overruled, and a judgment entered dismissing appellant's petition, canceling the mortgage given to secure the debt, and a judgment ren-

dered in favor of appellees for the various sums of money
voluntarily paid by them, with interest thereon from date,
and to reverse that judgment this appeal is prosecuted.

Numerous errors are complained of, but we will only
consider those which we regard as material and import-
ant.  The objection that appellants did not comply with
section 571 of the Kentucky Statutes is fully answered
in the opinion of the court in the case of Johnson v. Mason
Lodge (Ky.), (51 S. W., 620), and it will therefore be un-
necessary for us to again consider that question.

The general demurrer filed to each paragraph of the an-
swer should have been sustained.  The first paragraph
simply pleaded a conclusion of law, and the facts relied on
in the second paragraph are insufficient to support the
plea of "failure of consideration."

There is no allegation of any mistake in the original
purchase, or that appellees did not get what they con-
tracted for.  The original transaction is not complained of
for any reason.  The alleged failure of consideration arises
out of the sale of the property by the master commis-
sioner three years after the purchase, and is not avail-
able to support the plea of no consideration.  See Gris-
wold v. Taylor s Adm'r, 1 Metc., 228; Robinson v. Bright's
Ex'r, 3 Metc., 30; Chenault v. Bush, 84 Ky, 528, (2 S. W.,
160).  Nor were appellees entitled to recover back the
money theretofore voluntarily paid by them for the saw-
mill, as there is no claim that it was paid by mistake of
law or fact, or that any fraud was practiced upon them to
induce the payment.  There was no plea asking a rescis-
sion of the contract, nor could such a plea have been up-
held under the facts of this case, as appellees could not
have put appellant, in so far as the mill is concerned, in
as good a situation as it was before, as three years' use

of a sawmill of this character would very probably materially reduce its salable value. See 1 Beach, Cont., section 975; City of Louisville v. Anderson, 79 Ky., 334; Tyler v. Smith, 18 B. Mon., 793.

The judgment of the Floyd Circuit Court decreeing a sale of the mill, etc., was void, as the answer of appellees was signed and sworn to before the suit was begun, and was, in effect, only a power of attorney to confess judgment, under section 416 of the Kentucky Statutes, as construed in Ball v. Poor, 81 Ky., 26, and in Hay v. Cole, 11 B. Mon., 70, and did not give the Floyd court jurisdiction of the person of the defendants or authorize the judgment. As this fact appeared on the face of the record filed in this proceeding, appellees were entitled to plead it by way of defense. It follows, as a necessary consequence, that the sale of the mill, etc., by the master commissioner of the Floyd court, under and by virtue of this judgment, was illegal, and did not estop appellees in this proceeding from pleading, by way of set-off and counterclaim, any damage which they may have sustained by reason of such illegal sale, which was the proximate result thereof, if they did not consent to the sale. This, however, they have not attempted to do, and the testimony tends very strongly to show that the sale was made with their consent, certainly without objection on their part, and that the mill itself brought its full value. The circuit judge erred in overruling appellant's motion to file a reply setting up these facts, and pleading limitation and estoppel. On the pleadings as they then stood, the motion for a judgment notwithstanding the verdict should have prevailed. For reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.