## Weakley, et al. v. Meriwether, et al.

(Decided December 5, 1913).

## Appeal from Shelby Circuit Court.

1. Limitation—Settlement—Obligation Founded On—Suit—Defense —Plea of Limitation Not Applicable.—Where a trustee sues on a note representing a balance due him growing out of a settlement with the cestui que trust, and the cestui que trust defends on the ground that the settlement was made by mistake and that the note was without consideration to the extent of certain items embraced in the settlement and included in the note, this pleading presents a mere defense and a plea of the statute of limitations is not applicable.

2. Accord and Satisfaction—Trustee—Action by Against Cestui Que Trust.—Where in an action by a trustee against a cestui que trust to recover on a note representing a balance growing out of a settlement which they had made the cestui que trust defends on the ground that certain items were embraced in the note by reason of a mistake in the settlement, to which defense plaintiff interposed a plea of accord and satisfaction, evidence examined and held insufficient to show accord and satisfaction.

3. Trustees—Commingling of Trust Funds with Private Funds of Trustee—Compensation.—A trustee who commingles trust funds with his own, and who performs no service for the trust estate other than the payment to the beneficiary of interest due from himself is not entitled to compensation.

4. Trustees—Payment of Interest.—Where the will creating a trust directs the income to be paid to the cestui que trust annually or semi-annually as it may arise, and the trustee does not invest the funds but charges himself with interest at the legal rate, it is not error to require a settlement based on the annual receipt

of interest, in view of the fact that it is not always practicable or possible to keep a trust fund as large as $10,000 loaned out so as to produce an income of six per cent, payable semi-annually.

5. **Trusts—Attorneys Fees—Allowance Not Excessive.**—In an action by a trustee against a cestui que trust to settle a trust estate, evidence considered and an attorneys fee of $600, payable out of the estate, held not disproportionate to the services which the attorneys rendered the estate independently of resisting claims presented by the trustee.

TRABUE, DOOLAN & COX and ELLIOTT B. BEARD for appellants.

ELMER C. UNDERWOOD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on Original and Cross Appeals.

Richard Meriwether died in Shelby County, Kentucky, in the year 1871, leaving a last will and testament. By the sixth item of his will he bequeathed ten Louisville & Portland Canal bonds of the value of $1,000 each, and a claim which he had against his brother, George Wood Meriwether, to his executor and trustee ''in trust for the sole and separate use and benefit of my brother, George Wood Meriwether, during his life and the interest and income thereon to be paid over to my said brother, George Wood Meriwether, annually or semi-annually as it may arise and no more.''

The claim against George Wood Meriwether was invested in a tract of land consisting of 102 acres. This tract of land was finally sold, and since April 13, 1900, has been represented by a note of W. I. Fry for $3,458.15.

David Meriwether, a brother of Richard Meriwether, was appointed executor of his will and trustee of George Wood Meriwether. He qualified as such and continued to act until his death, when J. L. Caldwell was appointed administrator *de bonis non* and also trustee of George Wood Meriwether. Caldwell acted as trustee until the year 1882, when L. A. Weakley, a lawyer and business man of high standing, was appointed in his place. L. A. Weakley continued to act as trustee until his death in August, 1895. On November 18, 1895, C. S. Weakley, a brother of L. A. Weakley, the former trustee, and executor of the latter's will, was appointed trustee. While Caldwell was acting as trustee he sold the ten bonds at their par value and held the proceeds of the sale, amounting to $10,000, up until his death. This sum he turned over to L. A.

Weakley, trustee. While L. A. Weakley made no separate investment of the $10,000, but commingled it with his own property, he regularly charged himself with interest at the rate of six per cent per annum on a basis of bi-annual settlements. Whenever he made any payment to Meriwether he entered up a charge of interest against Meriwether until the end of the period of their next biennial settlement. Meriwether it seems was constantly incurring debts and anticipating his income. As a result of this he became indebted to L. A. Weakley in a large sum. No settlements in court were made by L. A. Weakley, but it appears that in the year 1892 Meriwether gave L. A. Weakley a note for $3,073.13, evidencing the result of a settlement made at that time. To secure this note George Wood Meriwether mortgaged his life interest in certain real estate and also assigned to L. A. Weakley a life insurance policy for $1,525, and one for $3,000. After L. A. Weakley's death the present trustee, C. S. Weakley, as executor of L. A. Weakley, made a settlement of the accounts of L. A. Weakley in the Shelby County Court, and as a result of this settlement it was found that George Wood Meriwether was indebted to L. A. Weakley in the sum of $4,710.82. For this amount Meriwether executed his note to C. S. Weakley, executor of L. A. Weakley, and at the same time pledged the life insurance policies above mentioned to secure the payment of the note. When this settlement was made the order of court recites that the ward was present and acknowledged the settlement to be just and correct. The note for $4,710.82 was afterwards canceled, and on August 18, 1907, a new note for $4,651.19 was executed in lieu thereof. After the qualification of C. S. Weakley as trustee, Meriwether began to incur debts and overdraw his income. On this account he became indebted to C. S. Weakley and executed to him two notes, one for $485 and the other for $310, each dated February 10, 1897. These notes were secured by mortgages on life insurance policies payable in part to the children of George Wood Meriwether and assigned by some of the children to C. S. Weakley. On May 28, 1906, Meriwether, for a further advancement, executed to C. S. Weakley a note for $142, securing it by the pledge of a life insurance policy. Since his qualification as trustee C. S. Weakley has made bi-ennial settlements of his acounts in the county court.

This action was brought by C. S. Weakley as trustee of George Wood Meriwether and as executor of his brother, L. A. Weakley, against George Wood Meri-

wether and others for a three-fold purpose; (1) to settle his accounts as trustee from August 18, 1907; (2) to collect the three notes for $310, $485 and $142 respectively, and to enforce the lien securing same; (3) to collect the note for $4,658.06 due the estate of L. A. Weakley.

After filing various pleadings which were subsequently abandoned, George Wood Meriwether predicated his defense on a second amended and reformed answer, set-off and counter-claim, wherein he pleaded that by mistake the various county court settlements erroneously charged him with interest not legally due and that certain commissions allowed the trustee were not properly allowed.

On final hearing the chancellor held that the income from the trust estate should be treated as accruing annually and interest charged thereon accordingly, instead of charging interest upon settlements of income at bi-ennial rests, the plan adopted by the trustee.

The order held that the trustees were not entitled to any commisssion for handling the fund of $10,000 which they had commingled with their own funds. Thereupon he referred the case to the commissioner to re-cast the accounts, and gave judgment accordingly. From the judgment so entered plaintiff appeals and defendant prosecutes a cross-appeal.

(1)   To the plea of mistake in the final settlement of the accounts of L. A. Weakley, trustee, made in the year 1895, plaintiff interposed the five and ten year statutes of limitation. The chancellor held that the statute was not applicable. It is insisted that this ruling was erroneous. If this were a suit by George Wood Meriwether to surcharge the settlement in question, the statute of limitations would undoubtedly apply. Blake v. Wolf, 105 Ky., 380; Wren v. Wren, 126 Ky., 704. These cases, however, have no application to the case under consideration. Here suit was brought on an obligation based on and growing out of a settlement. Defendant pleaded that by mistake he was charged in that settlement with certain items which should not have been charged against him; that these items were included within the note sued on, and that the note to that extent was without consideration. This plea was a mere defense, and to such a defense we have frequently held the statute of limitations is not applicable. Edwards v. McKinsey, 14 Ky. L. R., 925; Grover v. Tingle, 21 Ky. L. R., 885; Aultman v. Mead, 109 Ky., 583, 89 S. W., 137; Alexander v. Owen.

County, 136 Ky., 420; Rudd v. Anderson, 12 Ky. L. R., 489, 14 S. W., 340; Nall v. Farmers Bank, 5 Ky. L. R., 122; Palmer & Hardin v. Fidelity & Casualty Co., 125 S. W., 220; Avritt v. Russell, 58 S. W., 811. The case of Boyd's Ex'r v. Laurel County, 140 Ky., 430, does not announce a contrary doctrine. In that case Boyd's executor sued on a county bond. The county attempted to surcharge an old settlement made by Boyd as treasurer, and claimed that upon a proper settlement he would be found indebted to the county in a large sum. More than ten years having lapsed after the settlement, it was held that the settlement could not be corrected for fraud or mistake. Had the bond represented a balance due under the settlement a different rule would have applied.

(2) But it is insisted that in the settlement in question Meriwether and the trustee presented conflicting claims, and that Meriwether having actually agreed to the settlement the plea of accord and satisfaction should prevail. The evidence, however, does not make out a case of accord and satisfaction. It is to the effect that Meriwether objected to certain claims presented by the trustee and that these claims are not embraced in the settlement. On the other hand Meriwether says that he did not know that the method of computing interest was wrong, and there is nothing to show that the question of interest was ever considered or discussed by the parties, or that the claims in question were disallowed because of the method adopted.

It is further contended that as the trustee regularly accounted for interest at the legal rate, and always acted in good faith, no just reason is shown why he should be punished by denying him compensation. While it is true that the record affords no ground for questioning the integrity of the trustee, we see no reason to depart from the salutary rule that a trustee who commingles trust funds with his own and who performs no service for the trust estate other than the payment to the beneficiary of interest due from himself is not entitled to compensation.

On the cross appeal it is insisted that the court erred in not charging the trustee interest on the theory and basis that it was received semi-annually, since the will directed the income to be paid over to the *cestui que* trust annually or semi-annually as it might arise. Taking into consideration the fact that it is not always practicable or possible to keep as large a sum as $10,000 invested for a long period of time so as to produce an income of six per

cent. payable semi-annually, we think the judgment of the court which charged the trustee with interest on the theory that it was received annually did substantial justice between the parties.

Another error complained of on cross appeal is the allowance of a fee of $600 to plaintiffs' attorneys, payable out of the trust estate. In this connection it is insisted that their efforts were directed chiefly to the defeat of the claims of the defendant which were upheld by the court, and that for this reason the fee is unreasonable. We have carefully considered the record, however, and conclude that the fee allowed is not disproportionate to the services which they, independently of their efforts to defeat defendant's claim, actually rendered the estate itself.

Judgment affirmed both on original and cross appeals.