Case 30. — ACTION BY THE AULTMAN & TAYLOR CO. AGAINST JAMES M. MEADE AND OTHERS TO ENFORCE A MORTGAGE LIEN ON A STEAM SAWMILL.— October 18.

## Aultman & Taylor Co. v. Meade, &c.

Appeal from Letcher Circuit Court.

C. W. METCALF, Special Judge.

Judgment for defendants. Plaintiff appeals. Affirmed.

1. Judgment—Confession—Validity—A maker of a note, who, before the filing of a suit thereon, signs an answer entering his appearance and confessing judgment, gives in effect a power of attorney to confess judgment, which is void under the express provisions of Ky. Stats. 1903, sec. 416.

2. Execution—Sale—Validity—A sale under a judgment rendered without service of process or other appearance by defendant, than an answer, signed before the filing of the suit, entering his appearance and confessing judgment, is void.

3. Mortgages—Conversion by mortgagee—Defense—In a suit to enforce a mortgage lien on land given to secure notes, an answer alleging a conversion by the mortgagee of other property included in the mortgage by selling the same under a void judgment in an action on the notes sets up is not merely a counterclaim connected with and growing out of the transaction or cause of action sued on, within the express provisions of Civil Code Prac., sec. 96, but a defense as well.

4. Same—Liability—A mortgagee, foreclosing the mortgage by virtue of the express stipulation to that effect, but in violation of Civil Code of Prac., sec. 375, forbidding the foreclosure of a mortgage, does not occupy a better position than if he had enforced his lien in court, and must account to the mortgagor for the actual value of the mortgaged property.

5. Same—Sale by Mortgagee—Liability—A mortgagee, selling mortgaged property on default of the mortgagor under power of sale, is bound to conduct it so as to produce the best

price, and he is required to account to the mortgagor for the actual, instead of the selling, value of the property.

6. Same—Where a mortgagee, by virtue of his mortgage, takes the mortgaged property and fails to apply it on the debt, the failure is a matter of defense in a suit to recover the balance of the debt.

7. Limitation of Actions—Operation on Defense—The statute of limitations applies alone to plaintiff's cause of action, and, so long as the courts will hear plaintiff's case, time can not bar the defense.

8. Mortgages—Enforcement—Defenses—Accord and Satisfaction —A mortgagee in a mortgage covering a sawmill and real estate took the mill under the provisions of the mortgage and sold the same for $700, while it was worth $1,200. The mortgagee brought suit to enforce the mortgage on the land for the balance of the debt. The mortgagor set up a counter-claim for the conversion of the mill. Held—That the defense was equivalent to a plea of accord and satisfaction.

9. Estoppel—A mortgagor, who stands by and permits, without objection, the mortgagee to sell the property under the mortgage illegally, and who afterwards assists the purchaser in removing the property, is not estopped from assailing the validity of the sale as against the mortgagee.

JOHN I. WILLIAMSON for appellant.

WILLIAMSON & BROOKER, TRYEE & ADAMS and R. L. GREENE of counsel.

## POINTS AND AUTHORITIES.

1. Defendant consented to the sale of the machinery mentioned in proof and are thereby estopped to claim damages against plaintiff on account of said sale. (Am. & Eng. Ency. of Law, vol. 11, p. 428; Mechem on Agency, sec. 156; LaFitte v. Godchaux, 35 La. Ann., 1161; Herman on Estoppel, vol. 2, p. 1194, sec. 1063, Ed. 1886; Story's Equity Jurisprudence, vol. 2, sec. 1547, p. 864; Swain v. Seamens, 9 Wallace, 274; Angell v. Johnson, 51 Iowa, 625, 33 Am. Rep., 152; Taggart's Appeal, 99 Pa., 630; Nass v. Swearingen, &c., 10 S. & R. [Pa.], 146; Hilton v. Fonda, 86 N. Y., 340; Foster v. Shreve, 6 Bush, 529; Reid v. Heasley, 2 B. M., 254; Storrs v. Barker, 6 Johns. Ch., 166, 10 Am. Dec., 316; Tilton v. Nelson, 27 Barb. [N. Y.], 605; Smith v. Cramer, 39 Iowa, 413; Smith v. Warden, 19 Pa. St., 424; Mitchell v. Friedley, 10 Pa., 208; Hazel v. Lyden, 51 Kans., 233, 37 Am. St. Rep., 273.)

2. Defendants' counterclaim and set-off is barred by the stat-

Aultman & Taylor Co. v. Meade, &c.

ute of limitations, and the demurrer to the attempted plea in avoidance of the statute should have been sustained. (Ky. Constitution, schedule, sec. 1; Ky. Constitution, schedule, sec. 2; Ky. Stats., sec. 2515; Sutherland on Statutory Construction, sec. 480; Cooley's Constitutional Limitations, pp. 449 and 455; Am. & Eng. Ency. of Law, vol. 19, p. 171, 2d Ed.; McCracken Co. v. Mercantile Trust Co., 84 Ky., 344; Lawrence v. Louisville, 96 Ky., 595, 49 Am. St. Rep., 309; Stanley v. Earl, 5 Littell, 281; Cassity v. Storms, 1 Bush, 453; Ky. Stats., secs. 2531 and 2532; Ky. Stats., sec. 457; Selden v. Preston, 11 Bush, 198; O'Bannon's Adm'r v. O'Bannon, 13 Bush, 583; Amy v. City of Watertown, 22 Fed. Rep., 418; Amy v. City of Watertown, 130 U. S., 320.)

3. The damages fixed by the lower court are flagrantly excessive and palpably against the weight of the evidence.

SALYERS & BARKER and DISHMAN & DISHMAN for appellees.

1. This case was submitted and heard by the court without the intervention of a jury, and we take it the court, from all the evidence before it, reached the proper conclusion, that the mill and fixtures at the time seized and sold by the appellants under a void judgment were worth the balance due on the notes sued on.

2. The question of limitation could not affect the appellees' rights to have the proper credit placed on these notes. What was due them by reason of the illegal seizure, sale and conversion of said property was a subsisting demand against said notes, and limitation could not run so as to bar their rights to receive a credit for the actual value of the mill and fixtures converted by appellants.

OPINION BY JUDGE O'REAR—Affirming.

In October, 1883, appellant sold to appellees a steam sawmill for $1,900. They paid $305 cash, and executed notes for $1,595, secured by mortgage on the mill and fixtures and on certain real estate in Letcher county. Appellees having made default in certain of the payments when they became due, appellant elected to treat all of the notes due, as it was provided in the mortgage it might do. Thereupon appellant sent the notes to its attorney at Prestonburg for collection and for enforcement of the mortgage lien. Before the suit was filed the attor-

ney procured appellees to sign an answer, entering their appearance and confessing judgment upon the notes. The effect of this arrangement was equivalent to the giving of a power of attorney to confess judgment, which under our statutes was illegal and void. (Sec. 416, Ky. Stats. 1903.) The judgment rendered thereon, without service of process or other appearance, was void, and gave no authority to appellant or to the master commissioner, who was directed by the judgment to sell the mortgaged property, to execute it. Notwithstanding, the commissioner, acting under the judgment of the Floyd Circuit Court, sold the mill property for $700 at public auction. This sale was also void as a judicial sale. (See former opinion, 109 Ky., 583, 22 Ky. Law Rep., 1189, 60 S. W., 294.)

The suit was to enforce the mortgage lien upon the land in Letcher county for the balance of the notes, after crediting certain admitted payments and the $700 realized at the commissioner's sale of the mill. Appellees defended on numerous grounds. But the only one that seems to have any merit, or to have been sufficiently pleaded, was the counterclaim asserted by appellees against appellant for the conversion of the sawmill under the proceedings in the Floyd Circuit Court. To this claim appellant interposed the plea of limitation. Appellant's contention is that, though its judgment in the Floyd Circuit Court was void, and that in consequence it has no protection by virtue of it, the conversion of the mill by those proceedings was a tort, for which appellees had then a cause of action, which was barred by the five-year statute of limitation. (Sec. 2515, Ky. Stats. 1903.) That appellant was then, and has ever since been, a nonresident of the State of Kentucky, can not relieve the running of the statute, if

it began to run at all; for by sec. 2532, Ky. Stats. 1903, which saves the right of action as against debtors who obstruct the action or conceal themselves so that they can not be sued, it applies only as "against residents of this State." (Seldon v. Preston, 11 Bush, 198; O'Bannon v. O'Bannon, 13 Bush, 583.)

While appellees' claim against appellant might be properly a counterclaim in this suit upon the notes, (sec. 96, Civil Code Practice), as it may be said to be connected with and grows out of the transaction or cause of action sued upon, it is also more than a counterclaim. It is a defense. Appellant, having a mortgage upon the mill to secure these notes, took possession of the mill by virtue of the contract shown by the mortgage, and converted it, not as a trespasser or stranger, but under the agreement of the parties that it might do so. For, while the judgment of the Floyd Circuit Court was void, as has been stated, the mortgage was not. Whatever lien it conferred remained unaffected by the judgment. The rights of the parties were precisely what they were before the judgment was rendered. Appellant, by the master commissioner of the Floyd court, sold the mill in satisfaction of the notes and mortgage lien, so far as its value would go. The proceeding was instigated and controlled by appellant throughout, who received and applied the proceeds of the sale. It will not be heard to say that the commissioner was not acting for it. Its liability in this aspect of the case is the same as if it had procured an execution upon a void judgment to be issued and levied upon appellees' property, where the execution plaintiff is liable, whether or not the officer would be. (Sec. 273, Freeman on Executions.)

In this State, it is forbidden to foreclose a mort-

gage. (Sec. 375, Civil Code Practice.) The remedy of the mortgagee is instead to enforce his lien in a court of competent jurisdiction. If, nevertheless, the mortgagee does foreclose by virtue of the express stipulation to that effect in the mortgage, his action, being prohibited by statute, would be on the same footing as a sale under the mortgage by virtue of a void judgment. Neither such judgment nor the stipulation in the mortgage conferred any rightful authority upon the mortgagee to seize and sell the mortgaged property. Still such mortgagee ought not to occupy a better standing in court, after having done that which is prohibited by our statute, than if he had done the same thing, being allowed to do so by law. Which brings us to consider what would have been the respective rights of these parties if the proceeding, virtually a foreclosure of a mortgage, had been allowed by our statutes, as it is allowed in many jurisdictions. A mortgagee who sells the mortgaged property upon a default of the mortgagor under express power of sale is bound to fairly conduct it, so as to reasonably produce the best price. Failing in this, he is not protected by the clause of the mortgage giving him the right to sell upon default, but will have to account to the mortgagor for the actual, instead of the selling, value of the mortgaged property. This is not alone because of the supposed tort of the mortgagee, but because of his breach of the implied undertaking that he, as trustee for the mortgagor, will apply to the mortgage debt the full, fair proceeds of the mortgaged property. While the test of such value is generally held to be the price realized at a duly advertised and fairly conducted sale, such presumption of fair value will not obtain where the conditions under which it is to be applied did not exist. (Kil-

gour v. Scott [C. C.], 101 Fed., 359; Waite v. Denni-
son, 51 Ill., 319.) Then the test of value is the evi-
dence thereof aliunde. What that value is, is the
thing to be ascertained.

Now the question recurs: If such mortgagee, by
virtue of his mortgage contract, and not as a tort-
feasor, takes the mortgaged property to be applied
upon the mortgage debt, is it not his agreement, as
part of the mortgage contract, to so apply it? And if
he fails to do so, is not that a matter purely of de-
fense in a suit to recover the balance of the mort-
gage debt, as much as would be a plea of payment?
We think it is. Having reached this conclusion, the
disposal of the plea of limitation becomes simple.
For, admitting that the statute applies strictly to
matters of set-off and counterclaim (Williams v.
Gilchrist, 3 Bibb, 49; Gilchrist v. Williams, 3 A. K.
Marsh, 235), still, as is well known, it does not affect
the merits of the controversy. It only closes the
doors of the courts to the bringing of suits on such
stale claims. It applies alone to the plaintiff's
cause of action, and not at all to the defense; for,
obviously, so long as the courts will hear the plain-
tiff's case, time can not bar the defendant's answer.
(Edwards v. Kinsey's Adm'r, 14 Ky. Law Rep., 925;
Grover's Ex'or v. Tingle, 53 S. W., 281, 21 Ky. Law
Rep., 885.)

The case, then, stands thus: Appellant, having
a mortgage lien upon appellees' sawmill to secure a
debt, took the mill under the provisions of the mort-
gage, express and implied, to be applied on the debt.
Appellant has accounted for $700 only as the value
of the property so taken and applied. The plea
is, and so is the drift of the proof, as found both by
a jury and the judge, that the real market value at
the time of the taking was more than $700—was, in

fact, about $1,200. Appellant's implied undertaking having been to apply this value upon the debt, the sole question to be tried was, had it done so? Appellant contends that, as $700 was the value, it had so applied it. Appellees contend that as only $700 was applied, and as the actual and fair cash value was much greater, and was as much as $1,200, it had not. The proof, while conflicting, is such as to sustain the verdict of the jury and the finding of the judge. The nature of the defense is, when reduced, an equivalent to a plea of accord and satisfaction. The court is invoked to compel the application of the satisfaction under the implied agreement, just as if it might have been asked to compel the credit of a payment under a plea of payment.

One other question is raised by appellant. It asserts that appellees are estopped to question the validity of the commissioner's sale, because they stood by and saw the property sell without objection, and even helped the purchaser to move it away. If this were a controversy between appellees and the purchaser, there would be greater force in the position; for it can be seen that appellees might have induced the purchaser to alter his condition by their conduct, which is of the essence of estoppel. An estoppel is never consistent with the truth of the matter. It essentially admits that the thing is different in fact from what it appeared to be, but that, as the false appearance was brought about by the knowledge and acquiescence of the party now asserting the contrary truth, in good conscience he ought not to be heard to deny as true what he had before induced an innocent third person to believe was true, when the latter has so acted on such belief as to have changed his condition with respect to the thing. But, to a party who has not been so misled,

Aultman & Taylor Co. v. Meade, &c.

who has not been induced to do anything by reason of the conduct pleaded in estoppel, the rule ought not to and does not apply. If it be admitted that appellees stood by and saw appellant sell the mill under the mortgage, without objection, we do not see how appellant was deceived thereby. As foreclosure of a mortgage is prohibited by statute, mere acquiescence in it can not legalize it. That would accomplish by indirection, and that by the mere silence of the person aimed to be protected by the statute, what was positively forbidden. In principle a mortgage debtor can no more validate such a transaction, so as to close his mouth as against his creditor, than he could by waiving in advance the issual of a summons in the suit brought to enforce the mortgage lien. Nor can it be at all material, as affecting appellant's plea of estoppel, that some months afterward appellees helped the purchaser to remove the mill.

Perceiving no error prejudicial to appellant, the judgment is affirmed.

Petition for rehearing by appellant overruled.