## Charles I. Hudson & Company v. Wood.

(Decided January 24, 1919.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Discovery—Transfer of Claims—Defenses—Evidence.—Where defendant in a judgment transfers to plaintiff therein claims aggregating more than the amount of the judgment upon condition that plaintiff would institute suits to recover the claims and suspend proceedings on the judgment as against defendant until the recovery of a final substantial sum, in a suit upon the claims plaintiff can not proceed to collect the judgment against defendant when he failed to prosecute suits upon the claims and permitted them to become barred by limitation without taking action. Such facts constitute a defense in a suit for discovery brought upon a return of no property found after execution upon the judgment against defendant.

2. Discovery—Transfer of Claims.—A transfer of claims upon the terms mentioned in division No. 1 above is different from an accord and satisfaction, since the transferee obligates himself to do certain things and to suspend action as against the transferor until those things are done; while in accord and satisfaction the transfer operates ipso facto to extinguish the claim against the transferor. However, if the transaction in this case amounted to an accord and satisfaction it would not be affected by the rule that

a fixed indebtedness may not be satisfied by the payment of a smaller sum, since the claims transferred are nominally greater than the claim against the transferor, and in addition, some of them belonged to and were transferred by a third party.

3. Discovery—Transfer of Claims.—A transfer of claims upon the terms mentioned in division No. 1 imposes greater duties upon the transferee than those of a mere holder of collateral security, the duties of the latter being that the security holder must exercise due diligence to collect the collaterals and is liable for damages for a failure to exercise it, while in the other case he is not only subjected to the same duties, but can not proceed on the original claim until he has prosecuted the collaterals to judgment.

E. B. BEARD and EDWARDS, OGDEN & PEAK for appellants.

H. H. NETTLEROTH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is a suit in the nature of a bill of discovery brought in the court below upon a return of no property found, seeking to collect a judgment which appellants (who are partners and who were plaintiffs below) recovered against George T. Wood & Company (a partnership) in the United States circuit court for the Western District of Kentucky on May 17, 1902, for the sum of $81,029.70, and $554.75 costs. The suit was filed against the appellee, George T. Wood, as the sole defendant, leaving out his other partners, who were defendants in the judgment sought to be collected.

The suit was defended mainly upon the ground that plaintiffs had failed to comply with the terms of a contract entered into between the parties on March 26, 1903, whereby defendants in the judgment and George T. Wood & Company (a corporation) transferred to plaintiffs in the judgment certain claims held by George T. Wood & Company, both as a partnership and corporation, against St. John Boyle, Louis Appel and Samuel Avritt, aggregating more than the amount of the judgment, and that by reason thereof plaintiffs were barred as well as estopped from prosecuting the present case. Appropriate pleadings put this defense in issue and upon submission the court sustained the defense and dismissed the petition, and to reverse that judgment this appeal is prosecuted.

To understand the issue both of law and of fact it is essential that a brief statement of the facts be made.

During the year 1900, George T. Wood & Company (a partnership) were engaged in the brokerage business in the city of Louisville. A part of that business consisted in dealing in stock upon the stock exchange of the city of New York. That firm had as its correspondent in New York the plaintiffs, Charles I. Hudson & Company, who were members of the stock exchange and who owned seats therein. Messrs. Boyle, Appel and Avritt were customers of George T. Wood & Company, and through them dealt in stock on the New York exchange, which dealings were transacted by the Louisville brokers through their New York correspondents. Some time in December, 1900, Boyle, through his agents and brokers, George T. Wood & Company, sold on the New York stock exchange 100 shares of Northern Pacific Railroad Company common stock. In the latter part of January, 1901, another transaction of the same character was made, but in the meantime George T. Wood & Company had become incorporated, and the latter transaction was with the corporation. An unsettled and panicky condition afterwards arose upon the stock market, especially concerning Northern Pacific common, which advanced in price until in May, 1901, it sold for as high as $1,000.00 per share. On the day prior to this high water mark Boyle was notified by George T. Wood & Company that he must put up additional margins to meet the advancing price of the stock which he had sold, the price having gone far above that at which he had agreed to sell it in the two transactions referred to. Although he promised to do that, he failed, and on the following day (May 9) he could not be found. To save themselves the plaintiffs, representing George T. Wood & Company, who were the agents of Boyle, went upon the market and purchased the two hundred shares, paying therefor $500.00 per share for one hundred shares and $600.00 per share for the other one hundred, and charged the difference between the price at which the stock was agreed to be sold by Boyle and that for which it was purchased by Boyle's agents, George T. Wood & Company, which difference was the amount of the judgment recovered in the Federal court. Wood & Company contended that since they were acting only as the agent of Boyle, he, as their principal, was indebted to them in the amount of the losses which they sustained in executing his transactions, and it was this claim that was transferred in the

contract of March 26, 1905, which claim included additional sums for losses in other transactions, making it larger than the amount of the judgment recovered in the Federal court by something like $18,000.00. The claims of Appel and Avritt transferred by that contract arose in the same way. It is shown in this case that there was actual handling of the stock involved in the transactions, relieving them of any wagering aspects, and the defense of wagering contracts is not relied on in the pleading, even if it had been available under the terms of the contract herein relied upon.

Prior to entering into that contract plaintiffs had instituted an equity action similar to this one in the Federal court at Louisville, where the original judgment was recovered, and that suit was pending at the date of the execution of the contract relied on. The contract is too long to copy in full herein, and we will take only such excerpts therefrom as are necessary to present the defense here made. It recites the facts, stipulates that second parties (plaintiffs herein) shall have the right to sue and take such proceedings against those who owe the assigned claims as may be necessary, either in the name of Wood & Company or of plaintiffs, in any court in Kentucky or elsewhere, and binds Wood & Company to lend all proper aid and assistance and to make full and true disclosures of all accounts and the transactions had with the parties whose accounts are transferred and to freely and truthfully testify in any court where any proceeding may be instituted, and then inserts the agreements and undertakings of plaintiffs in these words:

"The said parties of the second part, in consideration of the covenants and agreements and undertakings of the said first parties, hereinabove set out, do hereby undertake and agree, upon the institution of any action against St. John Boyle hereunder to dismiss, without prejudice, their pending action in the circuit court of the United States for the Western District of Kentucky, in equity, at complainants' cost, and to suspend any further proceedings against the said George T. Wood, George L. Bacon and Carey H. Bacon, George T. Wood & Co. as a firm and also as a corporation, except such proceedings as may be necessary, in their judgment, to enforce the claims against the said St. John Boyle, and the said Avritt, and the said Appel, as hereinbefore mentioned.

"And said parties of the second part do further undertake and agree that upon recovery of any final substantial judgment against the said St. John Boyle under the foregoing arrangement, all claims, demands or obligations which may exist in favor of said second parties from said first parties, or any of them, by reason of the transactions heretofore set out or by reason of the judgment rendered, as aforesaid, shall be released, acquitted and discharged."

Shortly after the execution of this contract Boyle went to New York and defendant's firm notified plaintiffs of that fact and a suit was instituted by plaintiffs against him in the courts of that state some time in May, 1903. That suit pended upon the docket with various apparently unnecessary delays until January, 1906, when Boyle died, a resident of the city of Louisville, leaving a will in which his wife (who also resided in Louisville) was named as sole devisee and executrix of his will. A year or more after his death some kind of effort was made to revive the New York suit against Mrs. Boyle as the personal representative of her husband, but this was abortive because of inability to get personal service upon her, and some time in 1908 that suit was abated.

At no time since the death of Boyle did plaintiff make any effort or institute any proceeding in Kentucky or elsewhere to collect the assigned claim, except the futile effort to revive the New York suit referred to. Nor did plaintiffs at any time endeavor in any manner to collect either of the assigned claims against Appel and Avritt, although it appears that the last two have been and are solvent, and that Boyle, at the time of his death, was worth, over and above his debts, something like $65,000.00, and defendant now insists that this negligence on the part of plaintiffs, which is alleged to be gross, and which resulted in the assigned claims becoming long since barred by limitations, constitutes a bar and estoppel preventing plaintiffs from now asserting any claim under the Federal court judgment.

It will be observed that the contract relied on obligates plaintiffs to do three things: (1) To dismiss the then pending equity action in the Federal court immediately upon the institution of a suit against Boyle to recover the claim assigned to them. (2) To suspend any further proceedings against Wood & Company looking to the collection of the judgment except such as may be

necessary to enforce the claims against Boyle, Avritt and Appel, and (3) to release the judgment entirely upon the recovery of any final substantial judgment against Boyle. The first of these was immediately carried out upon the institution of the New York suit against Boyle. The second was not complied with, because of which the defense herein made is relied on, and the third is necessarily unexecuted since it is dependent upon the faithful observance of the second one.

It is insisted by plaintiffs (a) that for the defense herein to be available it was incumbent upon defendant to show that if due diligence had been used by Hudson & Company they would have succeeded in recovering a substantial judgment against Boyle, and that such judgment could and would have been collected; (b) that if under the facts it be conceded that plaintiffs could have recovered in a proceeding to collect the assigned claims, the judgment sued upon should not be credited with more than what the proof shows could have been collected, and that they are entitled to recover the balance of their judgment and interest. Other questions involved in these two contentions are made, and which so far as necessary will be considered as we proceed with this opinion.

Briefly considering contention (a): The fault with it as we view the rights of the parties is that it treats the contract as an assignment of the claims only as *collateral security* for the judgment, and it is based upon the duty of the holder of collateral security as deducible from the law governing the rights of the parties in such cases, ignoring one of the express stipulations in the contract involved. That stipulation, as will be seen, is in substance that all proceedings to collect the judgment (except such as may be necessary to enforce the assigned claims against the parties owing them) shall be suspended after the institution of suits upon the claims and remain suspended until final substantial judgment shall be recovered, which, if collected, the judgment shall be released. This contractual obligation imposes a greater duty upon the assignee of the claims than that imposed by the law upon the holder of ordinary collateral security. That duty is for such holder to exercise ordinary diligence to collect the collateral and if he should fail to exercise it he would be liable to his debtor for the amount of damages sustained by such failure, which the debtor could plead as a *pro tanto* counterclaim or set-off in a suit against

him, and this is the extent to which the cases of Bonta v. Curry, 3 Bush, 679; Roberts v. Farmers Bank, 118 Ky. 80, and other authorities relied upon by plaintiffs, apply. For that legal rule to be serviceable it is always necessary for the debtor to show that the proper diligence on the part of the holder of the collateral would have resulted in the collection of the sum claimed as damages.

The contractual obligation now being considered imposed the duty upon plaintiffs to prosecute the collection of the assigned claims with due diligence, and to *suspend* *all* procedings upon the judgment pending the suits upon the claims, and it is not open to plaintiffs to relieve themselves of that obligation by unwarranted refusal to take legal steps looking to their collection, thus permitting the matter to remain in abeyance until the claims are forever barred. In other words, they can not defeat their obligation to suspend proceedings upon the Federal court judgment by declining to prosecute suits upon the assigned claims to final judgment. In this view of the case it matters not whether they would have recovered or could have collected a final substantial judgment or not; but if we were mistaken in the position assumed, there is nothing in the record to show that a final substantial judgment would not have been recovered and collected. On the contrary, the reverse is true, since Boyle is shown to have had no positive defense to the claim assigned against him, and he left an estate, as we have seen, worth $65,000.00 above his debts.

It is further insisted that defendant is now barred by limitation to make the defense herein relied upon since it is based upon negligence of plaintiff, and no action can be maintained therefor after five years. This might be true as to the excess of the assigned claims above the amount of the judgment sued on if a judgment against plaintiffs was sought by defendant for such excess, but he is only insisting upon the right to *defeat* plaintiff's suit because of such negligence. Such right exists as long as the original claim may be collected, and is not affected by limitation. Altman & Taylor v. Meade, 121 Ky. 241, which holds in substance that so long as the courts will hear plaintiff's case time will not bar the defense which might be urged thereto and which grew out of transactions connected with plaintiff's claim. While this suit is based upon a judgment fixing the amount due, the defenses relied upon grow out of transactions connected

with that judgment and may be relied upon in a proceeding to collect the judgment, although such matters would be barred by limitations in an independent suit based thereon.

It is furthermore insisted that the contract relied on is at best in its nature and essence but an accord and satisfaction, and that since a fixed debt may not be extinguished by the payment of a less sum, the defense should not prevail because under the proof it would have been impossible to collect from the assigned claims the amount of the judgment and interest. The rule of law contended for is well established, but from what we have already said it has no application to the facts of this case. The rule goes no further than to hold that a debt presently due can not be extinguished by the payment of a smaller sum. If, however, there are additional considerations, the accord and satisfaction will be upheld as an extinguishment of the debt. In this case there was not only the additional consideration of the assignment of the claim of the corporation, George T. Wood & Company, which was in no wise a party to the Federal court judgment, but there was no attempted effort of payment of any definite sum, and the assigned claims were nominally larger than the judgment. 1 Corpus Juris 544, 545, and authorities cited. In such cases the reason for the rule contended for, that there is no consideration for the acceptance of a smaller sum in payment of a larger fixed sum, no longer exists.

What we have said concerning the nature of the agree ment relied upon and the obligations which plaintiff as- sumed therein renders it unnecessary to consider the contention (b), since that contention is based upon the duties imposed upon a holder of collateral security only, which, as we have seen, are not the only ones assumed by plaintiffs under their contract of March 26, 1903. The case as presented is one where plaintiffs under that contract obligated themselves to do certain things, and while those things were being prosecuted to suspend any effort to collect the Federal court judgment from defendant, and they can not be permitted to say that because they refused or neglected to do those things defendant is deprived of his right to insist upon such suspension. Especially where, as in this case, such failure and neglect have permanently deprived defendant of ever collecting anything from the assigned claims.

We therefore conclude that the trial court took the proper view of this case, and its judgment dismissing the petition is affirmed.