## Lewis et al. v. Kash.

(Decided May 15, 1931.)

STEPHENS & STEELY and WILLIAM LEWIS for appellants.

HENRY C. GILLIS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The present appeal grows out of the case of Kash v. Lewis, 224 Ky. 679, 6 S. W. (2d) 1098, 1103, to which reference is made for the facts involved and a history of this litigation prior to its return to the circuit court on the reversal of the judgment in the appeal mentioned. Our opinion in that case affirmed the judgment of the lower court in so far as it adjudged title to the land in dispute to be in Judge Lewis and his associates, but reversed it in so far as it gave them a judgment against Mrs. Kash for $1,100 for rents for detention of the property by her. On this point, we said:

"The evidence as to the rental value of the property is not satisfactory. . . . There is proof lacking which shows substantially the reasonable rental value of that lot or the damage caused by the detention thereof. . . . We cannot say from the evidence what the judgment of the chancellor should have been on this point, but we are convinced that it awarded a sum as rents which was too large.

"There is some proof in the record that S. H. Kash or appellant paid certain street assessments against the property. As to whether they did so or not we cannot clearly determine, and if we could there is no relief that could be given her as she has asked for none in her pleadings.

"Upon a return of this case the court should refer it to his master commissioner to ascertain and make report from proof heard by him and submitted with his report as to the reasonable rental value of the lot in controversy during the time of its detention. At the same time, if appellant should choose to amend her pleadings and make claim for improvement taxes, or other taxes paid by her which should have been paid by the owners, the master commissioner should ascertain the amount so paid, if any, and the appellees should be held responsible to appellant for any sum so paid."

In accordance with what we said, Mrs. Kash on the return of the case to the lower court filed an amended answer and counterclaim, in which she asserted that she had been in control of the lot in question only since January 13, 1924, and that she had during the time she was in possession of the property collected as rents there-

from the sum of $1,092.95, which she asserted was the fair rental value of the property during the time she had it and also the maximum sum for which she should be debited. Against this sum she claimed a credit of $605.76, paid by her in 1921 for an assessment for a street improvement in front of the property in question and which was a lien upon the property; the further sum of $118.04 for repairs that were necessary to be put on the improvements on the property in order that it might be kept rented; the sum of $8.96 for insurance premiums paid for insurance on those improvements; the further sum of $137.93 for state, county, and city taxes paid by her upon the property; all of which totaled $870.69. She claimed a further credit of $550 made up of the sum of $300, representing the value of a brick building, which, as pointed out in the former opinion, had been put upon the property by the trespasser Chestnut, and the sum of $250 for her services in managing the property, collecting the rents, and attending to the repairs while she had it in charge. The aggregate of credits claimed amounted to $1,420.69, which, when balanced against the rents she admitted she owed, left the appellant indebted to her in the sum of $327.74, for which she asked judgment.

In response to this claim of Mrs. Kash, Judge Lewis and his associates first denied that the fair rental value of the property during the time Mrs. Kash detained it in no event exceeded the sum of $1,092.95, denied that she had detained it only since 1924, and affirmed that she had had it since 1919; secondly, they pleaded the statute of limitations against the claim of $605.76 for street improvements; thirdly, they denied that the repairs and insurance had been made as claimed and that they owed anything on this score; and, lastly, they denied that Mrs. Kash had paid any taxes on the property and affirmatively pleaded that during all of the times in controversy they had themselves assessed the property in question and paid the taxes thereon. They further put in issue Mrs. Kash's right to make any claim for the value of the brick building erected by Chestnut or for any pay for any services on her part in collecting the rents and attending to the property. Mrs. Kash filed no responsive pleading to the affirmative allegations in the reply of Judge Lewis and his associates. The judgment recites, and the parties in their briefs admit, that the evidence adduced on the issues raised by these amended pleadings was heard orally by the court, and there

appears in this record what we take to be a transcription of that oral testimony which was heard. However, the oral testimony was not preserved by a bill of exceptions as is required, nor even is there in the record any order filing the transcription of that oral testimony or any authentication of it. It follows, therefore, that we cannot consider on this appeal that testimony, South et al. v. Truesdale, 233 Ky. 682, 26 S. W. (2d) 519; and that where there is any issue in the pleadings, it must be presumed that the evidence supports the judgment of the court on such issues. Of course, even in the absence of the evidence, the question whether the pleadings support the judgment is still open. The judgment of the court so far as pertinent reads:

> "The amount which the plaintiffs (Judge Lewis, et al.) are entitled to because of the retention of the lot in question by the defendant (Mrs. Kash) and the amount which the defendant is entitled to because of improvements placed by her on said lot and the payment of taxes and street improvement assessments offset each other and it is adjudged that neither party recover anything of the other."

From this judgment, Judge Lewis and his associates have appealed. In the absence of the testimony, we must take it that the evidence supports the finding of the chancellor that the fair rental value of the property during the time Mrs. Kash detained it does not exceed the amount for which she by her pleading admitted liability, and that is $1,092.95.

It will be noted that Mrs. Kash was allowed by the judgment as credits against this sum only the value of the improvements placed by her on the lot, the amount of the taxes paid by her, and the amount of the street improvement assessment which she had paid. In so far as the value of the improvements included the repairs and insurance paid by Mrs. Kash, the credit was authorized, for these expenditures made in good faith and in the honest belief that she was the owner of the property served to preserve and protect the property for the appellants. But in so far as such value included the value of the brick house put upon the property by the trespasser Chestnut, she was entitled to no credit. This was no improvement by her; it represented no expenditure by her, and Judge Lewis and his associates had as much to do in the recovery of the lot from Chestnut as she had. Hence it cannot be considered in estimating

the credits to which Mrs. Kash is entitled. We can find no greater sum than $127, being the sum of $118.04 for repairs and $8.96 for insurance to which Mrs. Kash is entitled to credit on this score. Nor was Mrs. Kash entitled under the pleadings to the item for taxes that she paid. It stands undisputed that Judge Lewis and his associates who turned out to be the real owners of the property also paid the taxes on this property during the years for which Mrs. Kash claimed she paid the taxes. She did not pay them on any request of Judge Lewis or any of his associates, and as they paid them too, she cannot recover for her unauthorized payments, as they in no wise under the pleadings protected the property against any lien since Judge Lewis and his associates had also paid those taxes. There is left the credit for the assessment for the street improvement which Mrs. Kash paid. Unless her claim for this credit is barred by the statute of limitations, she is entitled to it under the former opinion herein which is the law of the case. Judge Lewis and his associates insist that as their plea of limitations was not put in issue, it should have been sustained and this credit disallowed. But they overlook the fact that the former opinion, which must control this question, in effect held that on an accounting, Mrs. Kash should be liable only for the net rental of the property. As pointed out in the case of Luscher et al. v. Security Trust Co. et al., 178 Ky. 593, 199 S. W. 613, L. R. A. 1918C, 615; the cases of Aultman & Taylor Co. v. Meade, 121 Ky. 241, 89 S. W. 137, 28 Ky. Law Rep. 208, 123 Am. St. Rep. 193; Weakley v. Meriwether, 156 Ky. 304, 160 S. W. 1054, and cases cited therein, announced the rule that the plea of limitations will not prevail against the right of the defendant to assert by way of counterclaim transactions connected with and growing out of the matter that was the basis of the suit. This is the rule which in view of the former opinion in this case must be applied here. It follows, therefore, that the plea of limitations cannot be successfully interposed to defeat the claim of Mrs. Kash for credit on this score.

Summing up, we find the maximum amount to which Mrs. Kash is entitled to credit in the state of the record as presented is $732.76. Balancing this against the amount Mrs. Kash admitted she owed, $1,092.95, we find a balance due from her of $360.19, for which Judge Lewis and his associates should have had judgment. To

the extent that the judgment of the lower court failed to award the appellants this amount, it is erroneous and is reversed, with instructions to enter a judgment in their favor for that sum.