## WINKLE v. JONES.

Court of Appeals of Kentucky.

March 5, 1954.

C. C. Adams, Ottis Lanter, Williamstown, for appellant.

John M. Berry, D. K. Floyd, New Castle, for appellee.

MOREMEN, Justice.

Appellant, Eugene Winkle, and appellee, Clarence Jones, were respectively tenant and landlord on an Owen County farm. On June 25, 1951, at about the hour of 7 a. m., the parties met at the milk barn; they began to discuss the disposition of certain hay that evidently belonged to them jointly; an argument ensued which soon developed into a fight; appellant was armed with a shovel; appellee, with a knife; both parties were cut and bruised. Each party testified that the other was the aggressor.

On May 19, 1952, appellant filed suit by which he sought recovery of damages for injuries received during the conflict. On June 9, 1952, one of the attorneys for appellee sent to one of the attorneys for appellant the following letter:

"Enclosed is a copy of the answer and counterclaim that we are filing the first day of the term on behalf of Clarence Jones.

"If it is possible to settle this case for a reasonable sum we might be able to get together. Talk to your client and let us know what amount he would settle for."

This letter was not answered and, on July 30, 1952, the first day of the term, the pleading was presented to the court and objected to by appellant on the ground that the counterclaim was barred by the statute of limitations, which was overruled, as were special and general demurrers directed towards testing the sufficiency of the counterclaim. By way of reply, appellant pleaded the one year statute of limitations and, by rejoinder, appellee pleaded that because of appellant's silence upon receipt of the letter above quoted, appellee was led to believe that the plan set out for disposing of the case was being acquiesced in by the appellant with the result that appellant was estopped to raise a defense of the statute of limitations. This rejoinder was also tested by a demurrer, which was overruled. A trial resulted in a verdict and judgment for the appellant in the sum of $135.50. From this judgment appellant has prosecuted this appeal and insists that the court erred (a) in permitting appellee to file the counterclaim; (b) in incorrectly instructing the jury; and (c) in failing to set aside the jury's award of damages on the ground that it was wholly inadequate.

We think appellant's first point is well taken. KRS 413.140 reads in part: "The following actions shall be commenced within one year after the cause of action accrued: (a) An action for an injury to the person of the plaintiff * * *." We have held that a counterclaim to be sufficient must allege facts sufficient to constitute a good cause of action in favor of defendant against the plaintiff as if the pleadings were an original petition. Mitchell v. Smith, 231 Ky. 253, 21 S.W.2d 279; Cross v. Snyder's Adm'x, 164 Ky. 370, 175 S.W. 641; Crabtree Coal Mining Co. v. Hamby's Adm'r, 90 S.W. 226, 28 Ky.Law Rep. 687. Since it must be treated as an original proceeding, we believe it is sub-

ject to the same limitations as to time of filing as govern an original petition. Surprisingly, at least to the writer, we have been unable to find a case exactly in point in this jurisdiction. It is noted in 34 Am. Jur. 59 that a demand of a defendant, when pleaded by way of counterclaim, is regarded as an affirmative action and, therefore, unlike a matter of pure defense, is subject to the operation of the statute of limitations and is unavailable if barred. It is, however, well established in this state that the statute of limitations was not intended to bar the use of defendant's claim as a matter of pure defense. Liter v. Hoagland, 305 Ky. 329, 204 S.W.2d 219; Eastern Gulf Oil Company v. Lovelace, 188 Ky. 238, 221 S.W. 544; Luscher v. Security Trust Company, 178 Ky. 593, 199 S.W. 613, L.R.A.1918C, 615; Aultman & Taylor Company v. Meade, 121 Ky. 241, 89 S.W. 137. The foregoing are concerned in the main with accounting in cases involving credits and debits but we know of no reason why the same theory should not be applied in a tort case. So, in the instant case, the appellee had the right to take full advantage of his cause of action, if any, insofar as it constituted a defense but he is denied the right to affirmatively recover damages on account of it. The trial court submitted to the jury the question of whether he had been damaged. We have concluded, therefore, that the procedure was incorrect. However, appellee argues that because of the silence of appellant's attorney in failing to answer the letter above quoted, appellant is estopped to plead the statute of limitations in defense to appellee's counterclaim. As we interpret the letter, it is no more than the attorney's commendable suggestion, which occurs in practically all cases, that the controversy be settled. Although estoppel may, in some instances, result when a party who is under a duty to speak does not speak, that situation does not exist here. Appellee was charged with the knowledge that the combat occurred on June 25, 1951. No estoppel arises from mere silence where the acts are equally known to both parties. Goddard's Ex'x v. Goddard, 160 Ky. 759, 170 S.W. 176. It must be assumed that appellee

knew that his claim must be asserted within the time of statutory limitations.

 When the petition was filed on May 19, 1952, appellee was forcefully charged with the knowledge that appellant was demanding damages in the sum of $10,041 as a result of the encounter and all facts were then in appellee's possession. No estoppel results when the party claiming it knows the true facts. Haag v. Northwestern Mutual Life Ins. Co., 297 Ky. 132, 179 S.W.2d 215.

We believe that appellant was entitled to have his case tried free from consideration of appellee's stale claim and that the injection into the case of a cause of action which was not properly triable there resulted in prejudice to appellant. In view of our finding on this point, it is unnecessary to discuss other questions raised by appellant.

Judgment reversed.