**HARVEY COAL CORP.**

v.

**SMITH et al.**

Court of Appeals of Kentucky.

April 30, 1954.

Rehearing Denied June 23, 1954.

Craft & Stanfill, Hazard, for appellant.

D. G. Boleyn, Hazard, for appellees.

STEWART, Justice.

In the lower court Ernest Smith in his answer and counterclaim sought to recover damages of $8235 from the Harvey Coal Corporation, for the alleged arbitrary, malicious and wanton destruction by the latter of his garden crop, a number of fruit trees in his orchard, and fencing, grass and timber on his land. Upon a transfer of the case to the ordinary docket for trial, the jury awarded Smith damages of $1470.

The corporation has moved for an appeal and urges two grounds for reversal: First, that Smith's claim is barred by the five-year statute of limitations, KRS 413.120(4), which it alleged and relied upon as a defense in its reply; and next, that under the provisions of its leases bestowing upon it the right to mine coal it was specifically absolved from all liability to Smith for the acts set forth. Since we conclude the first ground is determinative of this appeal, a consideration of the second contention is not necessary in this opinion.

The undisputed facts are that appellant prior to July 22, 1944, pursuant to various leases held by it which are not questioned as to their validity and as to the rights and powers granted thereunder, was mining coal under the tract of land owned by appellee, Smith, and, on or about that date, it became necessary in carrying on its operations to build upon a portion of the surface of appellee's land a tramroad, a trestle, certain power lines and several other structures. In clearing a right of way to construct these

facilities, appellant was required to remove a small amount of appellee's fencing as well as certain of his fruit trees and in erecting some of the above installations it was necessary to use some of the timber located on appellee's land. When appellant began this work appellee and one George Smith intervened and attempted, under threats of violence, to prevent the commencement or continuance of the contemplated work. A suit was then instituted by appellant against these persons to enjoin them from hindering or interfering in any manner with the proposed construction and at a hearing upon a motion for a temporary injunction the then judge of the Perry Circuit Court on July 26, 1944, granted the injunction in conformity with the prayer. After the injunction issued appellee abided by this court order and appellant prosecuted its plan to a completion during the latter part of 1944.

Appellee took no steps in this case and filed no responsive pleading to the petition until December 13, 1950, which was more than six years after the completion of the project and the commission of the deeds now complained of. On the date just mentioned by answer and counterclaim he undertook to recover as damages the sum we have mentioned. We have already described the result in the court below.

In the recent case of Winkle v. Jones, Ky., 265 S.W.2d 792, after emphasizing the fact that a counterclaim is the equivalent of an original proceeding and is subject to the same limitations as to time of filing which govern an original petition, we then pointed out that, although the statute of limitations is not intended to and does not bar the use of a counterclaim for the purpose of pure defense to an action, nevertheless, a demand for damages based upon a tort, when pleaded by way of counterclaim, is regarded as an affirmative action and, unlike such a claim when pleaded as a defense, is amenable to the operation of the statute of limitations and is unavailable if barred by it.

There is no question but that appellee's counterclaim constitutes an affirmative action, so that the rule of law we have stated above applies to it unreservedly. Nor is it contradicted any where in the record that all of the alleged damages upon which the claim is based occurred more than five years prior to the date he filed his answer and counterclaim. It follows that the claim was barred by the statute of limitations as of the date it was asserted and the trial court should have directed a verdict for appellant.

Wherefore, the motion for an appeal is sustained, the appeal is granted and the judgment is reversed and remanded with directions that it be set aside and a new one entered in conformity with this opinion.