Joseph A. Nevihs, J.
This is a motion to strike out the pleading of the Statute of Limitations set up in a reply to a counterclaim. The summons and complaint stating a cause of action in automobile negligence was served on the last day of the time permitted to bring such an action. An answer was later served that interposed a counterclaim for automobile negligence arising out of the same accident stated in the complaint. The time for commencing such an action had expired at the time of the service of the answer. The reply sets up the limitation of time.
Section 11 of the Civil Practice Act provides: “ The periods of limitation * # * must be computed from the time of the accruing of the right to relief by action * * * to the time when the claim to that relief is actually interposed by the party as a plaintiff or a defendant in the particular action ’ ’.
Section 16 of the Civil Practice Act provides: “ An action is commenced against a defendant * s # when the summons is served on him ’ ’.
An action is deemed commenced as of date of the service of the summons as to a cause of action in a subsequently served *618 original complaint. (Suntyer v. Westchester, 273 App. Div. 902, affd. 298 N. Y. 755.)
A general appearance by the defendant is equivalent to personal service of the summons upon the day when the notice was served. (Guilford v. Brody, 237 App. Div. 726.)
The converse of these propositions while not authorized by statute should be true for the fair administration of justice.
The date of the service of a summons by a plaintiff on a defendant is the date the plaintiff makes a general appearance in an action and subjects himself to personal judgment against himself if recovery is had on a counterclaim. It follows that the action on the counterclaim is deemed commenced when the summons is served. The subsequent stating of the counterclaim in the answer relates to the time when the action is commenced.
Section 61 of the Civil Practice Act provides that a cause of action, upon which an action cannot be brought because of the lapse of time, cannot be effectually interposed as a defense or counterclaim. (President & Directors of Manhattan Co. v. Cocheo, 256 App. Div. 560.)
This statute has no application because the time had not run against the counterclaim when the summons was served.
Motion granted. Prepare order accordingly.