■ Irene Hammill, as Executrix of William Hammill, Deceased, Appellant, v. Frank Curtis, Respondent, et al., Defendant.— Appeal from an order of the Supreme Court, St. Lawrence County, denying appellant's motion pursuant to rule 110 of the Rules of Civil Practice to dismiss a counterclaim contained in the answer on the ground that the counterclaim is barred by the Statute of Limitations. This litigation arises out of an automobile accident which occurred on October 12, 1957. The action was commenced by the service of a summons on respondent on June 10, 1958. Respondent promptly filed a notice of appearance but it was not until September 2, 1960 that appellant served his complaint. Respondent on or about May 31, 1961 served an answer which in addition to containing a general denial of the allegations in the complaint asserted a claim denominated "Defense, Counterclaim and Offset" for property damage arising out of the afore-mentioned accident. It is conceded that at the time that the answer was served more than three years had elapsed from the date of the accident. On June 30, 1961 appellant brought the present motion to dismiss the counterclaim. There is no question that the period of limitation applicable here is three years (Civ. Prac. Act, § 49, subd. 6) or that the length of the period is uneffected by the fact that the claim is raised as a defense or counterclaim rather than in an independent action (Civ. Prac. Act, § 61). The sole question is the computation of the period under the circumstances here involved. Periods of limitation are "computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise, as the case requires, to the time when the claim to that relief is actually interposed by the party as a plaintiff or a defendant in the particular action or special proceeding." (Civ. Prac. Act, § 11.) Concededly "the right to relief by action" accrued on October 12, 1957, the date of the accident. Respondent asserts that the counterclaim here involved was "interposed" within the meaning of section 11 when the summons was served and a general appearance filed. Such is not the law in this State. The action is commenced and the counterclaim interposed only when the answer containing the counterclaim is served (*Cooley Trading Co.* v. *Goetz*, 273 N. Y. 488; *Garben* v. *McKittrick*, 225 App. Div. 772; *Black* v. *Van Aiken*, 224 App. Div. 759; *Fish* v. *Conley*, 221 App. Div. 609; Prashker, New York Practice [4th ed.], p. 54; 4 Carmody-Wait, New York Practice, p. 450; for the law after Sept. 1, 1963 see § 203, subd. [c] of the New Civil Practice Law

and Rules). Nor do we construe the New York law to sanction treating a counterclaim in an automobile negligence case as being in the nature of "recoupment." (See *Fish* v. *Conley, supra*; 1 A. L. R. 2d 630, 666–673, 675–683.) *Parsell* v. *Essex* (15 Misc 2d 617), is, in our view, contrary to the established law of this State. We also find no merit in respondent's contention that the dilatory conduct of appellant in filing his complaint amounted to a waiver of the Statute of Limitations. It is sufficient to point out that at the time the complaint was served six weeks remained before the Statute of Limitations expired and thus respondent had ample time to interpose the counterclaim prior to the running of the statute. Order reversed on the law and the facts and the counterclaim dismissed, with costs to appellants. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.