Ruth C. ARMSTRONG, Administratrix of the Estate of Hilda Caprett and Rose Caprett, Administratrix of the Estate of Albert Caprett, Appellants,

v.

Joseph A. LOGSDON and Roy Lee McMurtrey, Appellees.

Court of Appeals of Kentucky.

June 25, 1971.

Henry H. Dickinson, Richardson, Barrickman & Dickinson, Glasgow, for appellants.

Riherd & Richardson, Nunn, Travis & Ropp, Glasgow, for appellees.

CLAY, Commissioner.

Plaintiff appellees filed suit against defendant appellants for personal injury and property damages arising out of an automobile collision. After more than one year had elapsed since the date of the accident, defendants filed answers and counterclaims seeking recovery of similar damages. Upon plaintiffs' motion to dismiss on the ground that the counterclaims asserted were barred by the statute of limitations, the court entered a judgment dismissing them. This judgment was made final under CR 54.02.

It is defendants' contention that the plea of limitation should not prevail against their right to assert counterclaims which were connected with or grew out of the events or transactions that were the basis of the suit. They cite Aultman & Taylor Co. v. Meade, 121 Ky. 241, 89 S.W. 137 (1905), Weakley v. Meriweather, 156 Ky. 304, 160 S.W. 1054 (1913), and Lewis v. Kash, 239 Ky. 117, 38 S.W.2d 978 (1931). These cases involved counterclaims in the nature of setoffs or credits against claims arising out of contractual or estate-settlement transactions. In substance they recognized that this type of counterclaim is a matter of defense. Other cases of a similar nature were Charles I. Hudson & Co. v. Wood, 183 Ky. 16, 208 S.W. 2 (1919), Eastern Gulf Oil Co. v. Lovelace, 188 Ky. 238, 221 S.W. 544 (1920), and Liter v. Hoagland, 305 Ky. 329, 204 S.W.2d 219 (1947).

Winkle v. Jones, Ky., 265 S.W.2d 792 (1954), was the first case in this jurisdiction in which we considered the limitation problem as it affected a counterclaim in a tort action. There the suit was for assault

and battery. While we did recognize that a defendant in such an action might interpose a claim which had become barred since the commencement of the suit "insofar as it constituted a defense",[1] we held that if the counterclaim was barred by limitation at the time it was pleaded, it could not be invoked "to affirmatively recover damages". This ruling was followed in Harvey Coal Corp. v. Smith, Ky., 268 S.W.2d 634 (1954), which involved a counterclaim for damage to trees, crops, etc. In Hatfield v. Hatfield, Ky., 417 S.W.2d 218 (1967), which involved a contract claim, we quoted from Lewis v. Kash, 239 Ky. 117, 38 S.W.2d 978 (1931), but actually the limitation period had not elapsed at the time the counterclaim was asserted.

The law in other jurisdictions exhibits a rather confusing state of conflicting authority. See 51 Am.Jur.2d, Limitation of Actions, § 78, page 657; 54 C.J.S. Limitations of Actions § 285, page 342; 127 A.L.R. 909; 1 A.L.R.2d 630; and A.L.R.2d, Later Case Service, page 77. Most of the cited cases involve contractual claims and obligations. A number of cases affirm the broad proposition that if a counterclaim is not barred at the commencement of the action in which it is pleaded, it is not thereafter barred by the lapse of the limitation period prior to the time it is pleaded. However, running through the cases is the recognition of the defensive setoff nature of the pleading. Apparently the courts have not made a specific distinction between contract and tort cases. However, there appears a current conflict in the latter area.

Our research has uncovered two relatively recent cases involving an automobile accident, which is what we have before us. In Hammill v. Curtis, 18 A.D.2d 749, 235 N.Y.S.2d 865 (1962), it was held, as we did in Winkle, that since a counterclaim for the recovery of damages for a tort must be treated the same as an original proceeding, it is barred by the statute of limitations (assuming this defense to the counterclaim is interposed) if the claim is barred at the time first pleaded, even though the claim was not barred at the time of the commencement of the suit. The Federal District Court of Hawaii in Azada v. Carson, 252 F.Supp. 988 (1966), took exactly the opposite view under similar circumstances. In that case it was contended the nature of the action, whether contract or tort, should govern the applicable rule. The court declared there should be no distinction, and said (page 989):

> "Plaintiff argues that most of the cases allowing a counterclaim, if it was not barred at the time the action was begun, involved contracts and not torts. But there seems to be no logical reason for making such a distinction. The same considerations of fair play and justice apply, whether the action is based upon contract or tort.

> Statutes of limitation are statutes of repose—they are designed to bar stale claims. Where, as in this case, the counterclaim arises from the same incident as the complaint, the counterclaim is no more stale than the complaint.

> Simple justice dictates that if the plaintiffs are given an opportunity to present a claim for relief based upon a particular automobile collision, the defendant should not be prevented from doing so by a mere technicality."

Upon reconsideration of the matter, we are persuaded by such reasoning. As noted, the statutes of limitation are designed to bar stale claims arising out of transactions or occurrences which took place in the distant past. Since the objective is satisfied when a party files a timely action, he has effectively tolled the running of the statute as to the occurrence involved and there appears no justification for barring the defendant's claim arising therefrom, provided the latter asserts it in due course in that action.

---

1. It is difficult to imagine how a counterclaim in a tort action could constitute a defense.

We therefore hold that in a tort action, if a claim of a defendant arising out of the same occurrence which is the basis of the plaintiff's claim is not barred by limitation when the suit is brought, it may be asserted by a pleading timely served in such suit even though the limitation period has elapsed between the time of the commencement of the suit and the serving of the counterclaim. To the extent Winkle v. Jones, Ky., 265 S.W.2d 792 (1954), and Harvey Coal Corp. v. Smith, Ky., 268 S.W.2d 634 (1954), are inconsistent with this decision, they are overruled. It may be noted here that the same result could have been reached in the latter case on the two grounds that the tort counterclaim was not asserted in a tort action and it was not timely.

The judgment is reversed.

All concur.