## Marafine v. Campolongo

*Carl A. Belin, Jr.,* for plaintiffs and additional defendants.

*Bell, Silberblatt & Swoope,* for defendants.

REILLY, *P. J.,* May 24, 1977—The above action in trespass arose out of an automobile accident on November 12, 1974. The action was commenced by summons on November 10, 1976, two days before the statute of limitations expired and the summons was not served on defendants until November 15, 1976, three days after the statute of limitations expired. Defendants issued a rule on plaintiff to file a complaint on March 23, 1977, and the complaint was filed and served on defendants on April 1, 1977. An answer and counterclaim was filed to the complaint on April 20, 1977, which is,

of course, more than two years after the date of the accident. This matter is now before the court upon plaintiffs' motion for summary judgment on the counterclaim, in view of the fact that it was not filed within two years of the date of the accident. This court is of the opinion that said motion for summary judgment must be dismissed.

While it is true that actions for personal injury must be commenced within two years from the date the injury is sufferred, it is quite possible that one who suffers such injury may choose not to pursue his claim unless forced to do so by being sued himself for other injuries sustained in the accident. The reasons for choosing not to pursue one's claim are many and varied, among which, the obvious is the time and expense involved, especially if the claim is relatively insignificant. However, choosing not to pursue one's own claim by initially commencing an action against another should not bar the raising of that action as a counterclaim should the other party proceed to attempt to recover damages that he sustained, and this should be true even though the statute of limitations has passed unless the period has expired through negligence or other dilatory inaction on the part of defendant.

In this case, plaintiff chose to wait until two days before the statute of limitations expired before even filing his summons in trespass. Even then, no complaint was filed until a rule on behalf of the defendant was issued, directing the filing of said complaint within twenty (20) days allowable. Thereafter, the answer and counterclaim was filed. This court agrees with the language of the Court in Armstrong V. Logsdon, 469 S.W.2d 342 (Ky. 1971), in which the court stated (quoting from Azada v.

Carson, 252 F. Supp. 988 (1966), as follows: " 'Statutes of limitations are statutes of repose — they are designed to bar stale claims. Where, as in this case, the counterclaim arises from the same incident as the complaint, the counterclaim is no more stale than the complaint. Simple justice dictates that if the plaintiffs are given an opportunity to present a claim for relief based upon a particular automobile collision, the defendant should not be prevented from doing so by a mere technicality.' "

Wherefore, the court enters the following

## ORDER

Now, May 24, 1977, plaintiffs' motion for summary judgment on the counterclaim filed by the defendant is refused.